*RECOMMENDED FOR FULL-TEXT PUBLICATION*
Pursuant to Sixth Circuit Rule 206

File Name: 08a0357p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

---

DREW PARKER, SR.,

        *Petitioner-Appellant,*

    *v.*

MARGARET BAGLEY, Warden,

        *Respondent-Appellee.*

No. 06-4355

>

---

Appeal from the United States District Court
for the Northern District of Ohio at Cleveland.
No. 01-01672—John R. Adams, District Judge.

Argued: July 31, 2008

Decided and Filed: October 3, 2008

Before: DAUGHTREY and McKEAGUE, Circuit Judges; VAN TATENHOVE, District Judge.[*]

---

## COUNSEL

**ARGUED:** Kort W. Gatterdam, CARPENTER, LIPPS & LELAND, Columbus, Ohio, for Appellant. Diane Mallory, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee. **ON BRIEF:** Kort W. Gatterdam, CARPENTER, LIPPS & LELAND, Columbus, Ohio, for Appellant. Diane Mallory, OFFICE OF THE OHIO ATTORNEY GENERAL, Columbus, Ohio, for Appellee.

---

## OPINION

---

    McKEAGUE, Circuit Judge. This is an appeal from the denial of a petition for writ of habeas corpus. The district court issued a certificate of appealability on one issue, noting an apparent lack of uniformity among Sixth Circuit rulings. Finding that the issue certified for appeal has been definitively resolved by Sixth Circuit rulings rendered since the district court denied the habeas petition, we now affirm the denial of habeas relief.

---

[*]The Honorable Gregory F. Van Tatenhove, United States District Judge for the Eastern District of Kentucky, sitting by designation.

1

# I

Petitioner Drew Parker, Sr., was found guilty by a jury of sixteen counts of gross sexual imposition and four counts of felonious sexual penetration stemming from Parker's abuse of his step-grandchildren. On June 19, 1998, Parker was sentenced to a prison term of 30-50 years. The Ohio Court of Appeals affirmed and the Ohio Supreme Court denied Parker's appeal on July 19, 2000.

Meanwhile, on May 25, 1999, Parker had filed a petition for post-conviction relief in the trial court. The trial court denied Parker's petition on October 28, 1999. Parker's appeal from this decision was denied by the Ohio Court of Appeals on October 4, 2000 and by the Ohio Supreme Court on February 7, 2001. Parker's former counsel's representation ended on February 7, 2001.

Next, Parker filed an application to reopen his appeal under Ohio R. App. P. 26(B) on June 28, 2001, contending his appellate counsel had provided ineffective assistance. On August 14, 2001, the Ohio Court of Appeals denied Parker's application to reopen, finding it to be untimely and without good cause shown. Under Rule 26(B), an application to reopen must be filed in the court of appeals within ninety days after journalization of the appellate judgment unless "good cause" for later filing is shown. Parker's appeal to the Ohio Supreme Court was denied.

Prior to the Ohio Court of Appeals' decision, Parker filed a petition for writ of habeas corpus in the Northern District of Ohio on July 10, 2001, asserting, *inter alia*, the claim for ineffective assistance of appellate counsel. The district court denied Parker's petition based on procedural default, and issued a certificate of appealability on the sole issue whether the time limitation in Rule 26(B) constitutes an "adequate and independent" state procedural ground foreclosing review of the federal constitutional claim. Parker contends the rule is not adequate and independent because the Ohio courts have not been consistent in their definition and application of the "good cause" requirement.

# II

"To be adequate, a state procedural rule must be firmly established and regularly followed." *Fautenberry v. Mitchell*, 515 F.3d 614, 640 (6th Cir. 2008) (quoting *Hutchison v. Bell*, 303 F.3d 730, 737 (6th Cir. 2002)). To determine whether the state rule is adequate, the court must consider whether the "adequate and independent state procedural bar [was] 'firmly established and regularly followed' *by the time as of which it [was] to be applied*." *Id*. at 641 (quoting *Ford v. Georgia*, 498 U.S. 411, 424 (1991) (emphasis added in *Fautenberry*)). In other words, the court must ask "whether, at the time of the petitioner's actions giving rise to the default, the petitioner could . . . be deemed to have been apprised of the rule's existence." *Id*. (quoting *Hutchison*, 303 F.3d at 737).

In 2002, in a non-capital case, the Sixth Circuit addressed the issue whether Ohio App. R. 26(B) represented an adequate state procedural rule as of 1998. *Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002). The court concluded that during the five years since the rule had been adopted in 1993, the Ohio courts had provided sufficient guidance as to what would *not* constitute good cause to render the rule firmly established and regularly followed. *Id*.

In 2006, the Sixth Circuit again examined the timeliness requirement of Rule 26(B) in *Franklin v. Anderson*, 434 F.3d 412, 418-19 (6th Cir. 2006), a capital case. The court considered whether Rule 26(B) was an "adequate and independent" state rule in 1993, a day *before* Rule 26(B) actually went into effect. At that time, the court held, Rule 26(B) was not firmly established and regularly followed and therefore did not represent an adequate and independent state rule. *Id*. at 421. The court noted in further support of its conclusion that, in the meantime, the Ohio Supreme Court had been "erratic in its handling of untimely Rule 26(B) applications in capital cases." *Id*. at

420. *Franklin* was followed in *Wilson v. Mitchell*, 498 F.3d 491, 512 (6th Cir. 2007), another capital case, in relation to a 1996 application to reopen.

Even more recently, however, in *Fautenberry*, yet another capital case, the Sixth Circuit held that, as of January 1996, the time constraints of Rule 26(B) *were* firmly established and regularly followed. 515 F.3d at 641. The *Fautenberry* court deemed *Franklin* factually distinguishable, based on the state of Ohio law at the time the application to reopen should have been filed. *Id.* That is, although the rule was not firmly established in 1993, it had become firmly established by 1996. *Fautenberry* includes no mention of *Wilson*, but correctly emphasizes that the "firmly established and regularly followed" determination must be made as of the time Rule 26(B) was to be applied, 515 F.3d at 641, a consideration that may have been overlooked in *Wilson*, 498 F.3d at 512.

Yet, any facial inconsistency between *Fautenberry* and *Wilson* is immaterial in this case. In *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007), the Sixth Circuit has made it clear that Ohio courts' applications of Rule 26(B) in capital cases are irrelevant to the question whether Rule 26(B) was firmly established and regularly followed by the Ohio courts in non-capital cases. In relation to non-capital cases, *Scuba* reaffirms the holding of *Monzo v. Edwards* that Rule 26(B) was, by 1998, firmly established and regularly followed. Further, *Scuba* holds that Rule 26(B) continued to be an adequate and independent state procedural rule at least until July 2002, when Scuba filed his motion to reopen. *Id.*

Because Parker's petition arises in a non-capital case and his application to reopen was filed beyond the ninety-day period, in June 2001, when the timeliness requirements of Rule 26(B) were firmly established and regularly followed in non-capital cases, *Scuba* controls. It follows that the untimeliness of Parker's application to reopen was an adequate and independent state procedural ground for the Ohio courts' denial of the application.[1] Parker's procedural default was therefore properly held to foreclose habeas relief on his claim for ineffective assistance of appellate counsel.

### III

Accordingly, the judgment of the district court denying the petition for habeas corpus is **AFFIRMED**.

---

[1] Parker urges the court to recognize that he has shown good cause for the untimeliness of his application inasmuch as it was filed a mere 38 days after he obtained new appellate counsel, and less than five months after his previous appellate counsel was discharged, and less than sixteen months after the Ohio Court of Appeals rendered its decision. Yet, whether Parker has shown good cause is beyond the scope of the question certified for appeal.

Moreover, even if the issue were properly before us, Parker's position that his temporary lack of representation excuses the tardiness of his application finds little support in the Ohio case law. The weight of authority, in fact, is to the contrary. In *Monzo v. Edwards*, the Sixth Circuit held that "lack of effort or imagination" and "ignorance of the law" are not circumstances that establish good cause for failure to seek timely relief. 281 F.3d at 578. This understanding has been consistently applied by the Ohio courts. *See State v. Farrow*, 874 N.E.2d 526, 527 (Ohio 2007) (holding defendant could not rely on his own alleged lack of legal training to excuse his failure to comply with the Rule 26(B) deadline); *State v. LaMar*, 812 N.E.2d 970 (Ohio 2004) (same); *State v. Quinn*, No. L-06-1003, 2008 WL 2780331 at *1 (Ohio App. 6 Dist. 2008) ("[A]n applicant has no right to counsel in filing the application and, therefore, does not show good cause if he has no counsel to file a timely [Rule] 26(B) application.").