NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 09a0598n.06

No. 08-3466

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

**Aug 24, 2009**

LEONARD GREEN, Clerk

RODERICK RIDEAU,                                        )
                                                       )
      Petitioner-Appellee,                           )
                                                       )
v.                                                     )   ON APPEAL FROM THE UNITED
                                                       )   STATES DISTRICT COURT FOR THE
HARRY RUSSELL, Warden,                                 )   SOUTHERN DISTRICT OF OHIO
                                                       )
      Respondent-Appellant.                         )
                                                       )
                                                       )

Before: KEITH, GIBBONS, and KETHLEDGE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.** Warden Harry Russell appeals the district

court's grant of a conditional writ of *habeas corpus* under 28 U.S.C. § 2254, requiring the State of

Ohio to release Roderick Rideau unless it reinstates his direct appeal of his conviction. The district

court found that Rideau's counsel rendered constitutionally ineffective assistance during his direct

appeal. Warden Russell argues that the district court erred in its conclusion that Rideau had not

procedurally defaulted his claim of ineffective assistance because Ohio Rule of Appellate Procedure

26(B) ("Rule 26(B)") was not an adequate and independent state ground. For the following reasons,

we reverse the judgment of the district court granting the writ and remand for a hearing to determine

if Rideau can establish cause and prejudice to excuse his procedural default.

**I.**

Rideau was a resident of California in February 1995 when he arranged, through childhood friend Linda Watson, to ship a 1986 Mazda 323 from California to his mistress, Ellen Meeks, in Dayton, Ohio. *State v. Rideau*, No. 17002, 1999 Ohio App. LEXIS 577, at *1-2 (Ohio Ct. App. Feb. 26, 1999). Rideau paid Watson "several hundred dollars" in return for her agreement to ship the car to Ohio via a common carrier whose name Rideau had provided. *Id.* at *2. For reasons unknown, the Indiana State Police intercepted the car carrier just outside of Indianapolis. During a resulting search, Indiana officers discovered more than eleven kilograms of cocaine hidden in a concealed compartment underneath the floormat in the Mazda's trunk. *Id.* at *2-3. The Indiana State Police contacted authorities in Dayton, who agreed to participate in the investigation and allow the transporter to deliver the car to its final destination. *Id.* at *3. Prior to continuing on its journey, Indiana troopers returned packets containing over two kilograms of cocaine to the Mazda's trunk. Troopers shipped the remaining packages directly to the Dayton police. *Id.* at *3-4.

The Mazda reached its final destination on March 3, 1995, when an undercover officer arranged to deliver the car to Meeks. Upon receipt of the Mazda, Meeks paged Rideau, "who immediately returned her call" and informed her that he would either pick up the Mazda himself or arrange for someone else to do so. *Id.* at *4. Dayton police arrested Meeks when she took the Mazda out to run an errand later that same night. The two kilograms of cocaine remained in the secret trunk compartment. *Id.* Following further investigation, police arrested Rideau in Dayton in January 1996. Authorities did not charge Meeks or Watson with any crime. *Id.* at *5.

An Ohio grand jury indicted Rideau on one count of trafficking in over one hundred times the bulk amount of cocaine in violation of Ohio Revised Code § 2925.03(A)(9) (1999). *Id.* Rideau proceeded to a bench trial, after which the court convicted him and imposed an indeterminate

sentence of fifteen years to life imprisonment. *Id.* Rideau's direct appeal failed. *Id.* at *14, *discretionary appeal denied by* 710 N.E.2d 716 (1999). Rideau subsequently filed a motion on October 19, 2000, under Rule 26(B) to reopen his appeal based upon ineffective assistance of appellate counsel. *State v. Rideau*, No. 18264, 2001 Ohio App. LEXIS 3235, at *2 (Ohio Ct. App. July 20, 2001) (noting the application). The Ohio Court of Appeals denied the motion as untimely on December 6, 2000. *Id.* Rideau's efforts to gain relief through both state post-conviction and *habeas corpus* proceedings also failed. *See id.* at *5-6 (dismissing post-conviction petition as untimely filed); *Rideau v. Russell*, No. CA2000-07-065, 2001 Ohio App. LEXIS 1821, at *5 (Ohio Ct. App. Apr. 23, 2001) (dismissing state *habeas* petition); *Rideau v. Russell*, No. CA2002-01-003, 2002-Ohio-6523, at ¶ 8 (same).

With all state avenues for relief exhausted, Rideau petitioned the district court for a writ of *habeas corpus* under 28 U.S.C. § 2254, initially listing four grounds for relief. *Rideau v. Russell*, No. 3:00cv427, 2008 U.S. Dist. LEXIS 11507, at *4 (S.D. Ohio Feb. 15, 2008). Rideau later voluntarily dismissed the second ground for relief, leaving assertions that the state trial court violated his Fourteenth Amendment right to due process by convicting him upon insufficient evidence, that his bench trial violated his Sixth Amendment right to trial by jury, and that his appellate counsel rendered constitutionally ineffective assistance. *Id.* Following an evidentiary hearing before a magistrate, the district court considered the parties' objections to the magistrate judge's report and recommendation. *Id.* at *5-6. The district court agreed with the report and recommendation that both Rideau's due process and jury trial claims should be dismissed. *Id.* at *22-23, *32. Specifically, the district court concluded that the Ohio courts had not applied an inappropriate evidentiary standard in convicting Rideau, *id.* at *19-20, and that Rideau's jury trial claim was not

3

cognizable on *habeas* because it rested solely upon state law.  *Id.* at *30.  The district court additionally denied certificates of appealability as to both claims.  *Id.* at *26, *32.

Claim four, concerning Rideau's assertion that his appellate counsel rendered ineffective assistance, remained.  The district court agreed with the magistrate's recommendation that Roger J. Rosen, Rideau's state trial and appellate counsel, was constitutionally ineffective for failing to raise on direct appeal a claim regarding the prosecutor's failure to place in the record a written waiver of Rideau's right to a jury trial.  *Id.* at *37-38.  Well-established Ohio statutory and case law provide for automatic reversal of a conviction where the State fails to place a written waiver in the record. *See* Ohio Rev. Code Ann. § 2945.05 (providing that such waivers "shall be in writing . . . and made a part of the record thereof"); *State v. Pless*, 658 N.E.2d 766, 770 (Ohio 1996) (holding that in the absence of such a waiver "a trial court lacks jurisdiction to try the defendant without a jury").  However, a defendant may only raise such a defect on direct appeal.  *Pless*, 658 N.E.2d at 770.  Had Rosen raised the lack of a written waiver as an issue in Rideau's direct appeal, the Ohio courts would have reversed Rideau's conviction and remanded for a new trial.  *Rideau*, 2008 U.S. Dist. LEXIS 11507, at *37; *see also Rideau*, 2002-Ohio-6523, at ¶ 8 (noting that "the trial court failed to strictly comply with R.C. 2945.05" but a court may not remedy such an error on state *habeas* review).  Thus, the district court found that Rosen had rendered constitutionally ineffective assistance and clear prejudice resulted.  *See Strickland v. Washington*, 466 U.S. 668, 687 (1984) (explaining that ineffective assistance comprises both deficient performance by counsel and prejudice).  Where the district court disagreed with the magistrate's report was in its recommended finding that Rideau had procedurally defaulted his ineffective appellate assistance claim by failing to raise it in a timely Rule 26(B) application.  *Rideau*, 2008 U.S. Dist. LEXIS 11507, at *38.  The district court concluded that

4

our holding in *Franklin v. Anderson*, 434 F.3d 412 (6th Cir. 2006), controlled and that Rule 26(B) was not an adequate and independent state ground on which procedural default could rest. *Id.* at *42-43. This finding prevented Rideau's default and allowed the district court to issue the conditional writ. *Id.* at *44.

The Warden timely appealed the district court's judgment solely upon the ground that the district court erred in its finding that Rule 26(B) is not an adequate and independent state ground. No certificate of appealability is required when the appellant is "a state or its representative." Fed. R. App. P. 22(b)(3); *see also* 28 U.S.C. § 2253(c)(2) (noting that only an "applicant" for the writ must obtain a certificate of appealability). Rideau has not sought to appeal the district court's denial of the writ based upon the claimed violations of his due process and jury trial rights.

## II.

## A.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") governs Rideau's petition. Pursuant to its terms, a federal court may only issue a writ of *habeas corpus* to a prisoner in custody for a state court conviction if the adjudication either:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or

> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). Further, federal courts must presume as correct the findings of fact made by the state court unless the petitioner can show by clear and convincing evidence that the state court's factual findings were erroneous. *See* 28 U.S.C. § 2254(e)(1). Because Ohio has appealed

5

solely the legal issue of whether Rule26(B) was an adequate and independent state ground on which procedural default may rest, our review is *de novo*. *See Smith v. Mitchell*, 567 F.3d 246, 255 (6th Cir. 2009) (noting that a district court's legal conclusions are subject to *de novo* review).

**B.**

The Warden argues that the district court erred in concluding that Rule 26(B) is not an adequate and independent state ground. Pointing to our recent decisions in *Scuba v. Brigano*, 527 F.3d 479 (6th Cir. 2007) and *Parker v. Bagley*, 543 F.3d 859 (6th Cir. 2008), the Warden asserts that we have differentiated between capital and non-capital cases when considering the adequacy of Rule 26(B) and that *Parker*'s holding mandates reversal of the district court's order granting the writ. Rideau responds that the district court properly applied our holding in *Franklin* and correctly determined that Rule 26(B) was not an adequate and independent state ground on which procedural default could rest. *See Franklin*, 434 F.3d at 420 (in the context of a capital case, describing the Ohio courts' enforcement of Rule 26(B) as "erratic").

Comity dictates that a state *habeas* petitioner first "fairly present" his federal claims in state court before seeking the remedy afforded by the Great Writ. *See Baldwin v. Reese*, 541 U.S. 27, 29 (2004). If a state prisoner defaults "his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law[.]" *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). In *Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986), we developed a four-part test to determine if a petitioner has procedurally defaulted his claim in state court. "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Next,

6

we must determine if the state courts "actually enforced the state procedural sanction." *Id.* (citing *County Ct. of Ulster County, New York v. Allen*, 442 U.S. 140, 149 (1979)). Third, this enforced procedural rule must be an "adequate and independent"state law ground on which the state could legitimately rely to foreclose review of the federal constitutional claim. *Id.* A state ground is adequate and independent if it is "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 411, 423-24 (1991) (internal quotes and citation omitted). Finally, we may still review a petitioner's claim even if all three of the prior criteria are met if the petitioner can establish both cause for his failure to follow the procedural rule and constitutional prejudice that resulted. *Maupin*, 785 F.2d at 138.

> Ohio Rule of Appellate Procedure 26(B) provides that:
>
> A defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided *within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time.*

(emphasis added). Both parties agree that Rideau's claim of ineffective assistance of appellate counsel fell within Rule 26(B)'s ambit. (Pet'r Br. at 9; Resp't Br. at 10.) *See also State v. Murnahan*, 584 N.E.2d 1204, 1209 (Ohio 1992) (requiring defendants to present ineffective assistance of appellate counsel claims first to the Ohio Court of Appeals as part of a motion to reopen). Both parties also agree that the Ohio courts enforced Rule 26(B)'s ninety-day limitations period by rejecting Rideau's motion to reopen his appeal as untimely filed. (Pet'r Br. at 7; Resp't Br. at 11.) *See also Rideau*, 2001 Ohio App. LEXIS 3235, at *2 (noting that the Ohio Court of Appeals dismissed the motion as untimely because Rideau filed it more than 18 months after the court ruled on his appeal). Rideau mounts his challenge by citing to us numerous state cases to

7

support the district court's finding that Rule 26(B) was not an adequate and independent state ground because the Ohio courts inconsistently interpreted the "good cause" exception to the Rule's timeliness requirement. Warden Russell responds that this court's case law forecloses Rideau's argument.

In *Scuba*, we examined our past case law concerning the adequacy and independence of Rule 26(B) and held that Ohio's courts did not subject capital cases and non-capital cases to the same scrutiny. 527 F.3d at 488. While Rule 26(B) may not stand as an adequate and independent ground in capital cases, it did serve as an adequate and independent ground as of Scuba's July 2002 motion to reopen his non-capital case. *Compare Franklin*, 434 F.3d at 420-21 (holding that Rule 26(B) is not an adequate and independent ground with regard to a capital *habeas* petitioner), *with Scuba*, 527 F.3d at 488 (finding that a non-capital petitioner defaulted his claim by failing to comply with Rule 26(B)). We reaffirmed this holding in *Parker*, where we held that Rule 26(B) serves as an adequate and independent state ground for all motions filed by non-capital defendants between 1998 and "at least . . . July 2002." *Parker*, 543 F.3d at 862. A search of prior case law also reveals that we have held that Rule 26(B) served as an adequate an independent ground for a motion filed in September 1996. *See Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002). Whether one chooses September 1996 or the year 1998 as the starting point, Rideau's claim must fail because our precedents clearly establish that Rule 26(B) was an adequate and independent state ground when Rideau filed his motion on October 19, 2000. *See Parker*, 543 F.3d at 862; *see also Bonner v. Perry*, 564 F.3d 424, 430 (6th Cir. 2009) (noting that one panel of this court cannot overrule another panel's decision).

We may still consider the merits of Rideau's claim of ineffective assistance of appellate counsel if he can demonstrate both cause for his failure to abide by Rule 26(B) and resulting prejudice.[1] *Scuba*, 527 F.3d at 489; *Maupin*, 785 F.2d at 138. However, because the district court determined that there was no procedural default, it did not consider whether cause and prejudice existed. We thus have no record before us that would allow us independently to make the determination.[2] Consequently, we must remand this case to the district court for it to conduct a hearing in order to determine if Rideau can demonstrate cause and prejudice to excuse his procedural default. If he cannot, Rideau's *habeas* petition must be dismissed.

**III.**

We therefore reverse the judgment of the district court granting the writ of *habeas corpus* and remand this case for a determination of whether cause and prejudice exist to excuse Rideau's procedural default.

---

[1]We note that Rideau did not argue before either the district court or us that the we may excuse the cause and prejudice requirement because "a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier*, 477 U.S. 478, 496 (1986); *see also Schlup v. Delo*, 513 U.S. 298, 315 (1995) (describing such innocence claims as "gateway" claims to allow for the consideration of "otherwise barred constitutional claim[s]").

[2]The failure of Rideau's appellate counsel to know of Rule 26(B)'s ninety-day limitations period cannot constitute cause. *Scuba*, 527 F.3d at 489. Rule 26(B) is a collateral proceeding to which no right to assistance of counsel attaches. *See Lopez v. Wilson*, 426 F.3d 339, 341 (6th Cir. 2005) (*en banc*) (overruling *White v. Schotten*, 201 F.3d 743 (6th Cir. 2000)). Where the Sixth Amendment right to counsel does not attach, there can be no corresponding right to effective assistance of counsel. *See Wainwright v. Torna*, 455 U.S. 586, 587-88 (1982).