**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 09a0762n.06

No. 08-3428

**FILED**
DEC 3, 2009
LEONARD GREEN, Clerk

**UNITED STATES COURT OF APPEALS**
**FOR THE SIXTH CIRCUIT**

KEITH ABSHEAR, )
)
    **Petitioner-Appellant,** )
)
v. )
)
ERNIE MOORE, Warden, )
)
    **Respondent-Appellee.** )
_____ )

**ON APPEAL** FROM THE
UNITED STATES DISTRICT
COURT FOR THE SOUTHERN
DISTRICT OF OHIO

**O P I N I O N**

**Before: KENNEDY, MOORE, and WHITE, Circuit Judges.**

**KAREN NELSON MOORE, Circuit Judge.** Petitioner-Appellant Keith Abshear ("Abshear") appeals the district court's order dismissing his petition for a writ of habeas corpus on the grounds of procedural default. Abshear argues that his federal claims were presented adequately in state court and, even if they were not, the ineffective assistance of his appellate counsel provides the requisite "cause and prejudice" to excuse his procedural default. We disagree, and for the reasons stated below, we **AFFIRM** the district court's judgment.

**I. BACKGROUND**

On January 10, 2003, Abshear pleaded guilty in Ohio state court to felonious assault, kidnaping, and fleeing and eluding, all pursuant to a plea bargain under which the state dismissed several other charges and agreed to recommend an eleven-year sentence. The state trial judge, however, imposed three consecutive sentences totaling seventeen years. In doing so, the state trial judge made three findings as required by statute. First, given that Abshear was a first-time offender,

and was being given a sentence other than the shortest authorized sentence, the trial judge found that "the shortest prison term [would] demean the seriousness of the defendant's conduct and the shortest term [would not] adequately protect the public from future crime by the defendant or others." Joint Appendix ("J.A.") at 73 (Entry at 2); *see* Ohio Rev. Code § 2929.14(B)(2). Second, because the trial judge imposed the maximum sentence available with regard to the kidnaping and fleeing and eluding offenses, the trial court determined that the defendant "committed the worst form of the offense[s]." J.A. at 73; *see* Ohio Rev. Code § 2929.14(C). Finally, the trial judge found that consecutive sentences were

> [N]ecessary to protect the public from future crime or to punish the defendant[,] . . . not disproportionate to the seriousness of the defendant's conduct and the danger the defendant poses to the public[,] and [that] the harm caused by the defendant was so great or unusual that no single prison term for any of the offenses committed as part of a single course of conduct [would] adequately reflect[] the seriousness of the defendant's conduct.

J.A. at 73; *see* Ohio Rev. Code 2929.14(E)(4).

On direct appeal, Abshear argued that the sentence was improper, essentially claiming that the trial judge erred in not making the findings required by Ohio Revised Code § 2929.14(B) and (C), and in not adequately explaining its reasons for the findings it made with regard to Ohio Revised Code 2929.14(E)(4). The State actually conceded that the trial judge did not follow the "'preferred method' of complying with R.C. 2929.14(E), and 2929.19(B)(2)(c)" and recommended remand, J.A. at 135 (State Mem. at 2), but the state court of appeals affirmed the sentence nonetheless, determining that the trial court had adequately expressed its findings. Abshear then appealed to the Ohio Supreme Court, which on July 14, 2004 "decline[d] jurisdiction to hear the case and dismisse[d] the appeal as not involving any substantial constitutional question." J.A. at 172 (Entry).

2

On August 3, 2005, Abshear applied to reopen his appeal pursuant to Ohio Rule of Appellate Procedure 26(B).[1] He argued that his counsel on direct appeal was ineffective because he failed to challenge Ohio Revised Code § 2929.14(B), 14(C), and 14(E)(4) under *Apprendi v. New Jersey*, 530 U.S. 466 (2000), and *Blakely v. Washington*, 542 U.S. 296 (2004) (the latter of which was decided approximately a month and a half before Abshear appealed his case to the Ohio Supreme Court). The state court of appeals denied the motion to reopen, however. As it explained, more than ninety days had elapsed since its judgment and Abshear had failed to show "good cause for the late filing." J.A. at 214 (Denial of Mot. to Reopen at 2). In particular, it stated that the only excuse to which Abshear could point was the fact that "his prior attorney(s) were unaware of [*Apprendi*'s] possible application to his case." *Id*. As the court explained, however, "'[l]ack of effort or imagination, and ignorance of the law . . . do not automatically establish good cause for failure to seek untimely [sic] relief under App. R. 26(B).'" J.A. at 214-15 (quoting *State v. Twyford*, 833 N.E.2d 289, 290-91 (Ohio 2005)). The Ohio Supreme Court dismissed the appeal in a one-sentence order on February 22, 2006. On February 27, 2006, however, the Ohio Supreme Court struck down Ohio Revised Code § 2929.14(B), (C), and (E)(4) as unconstitutional based on grounds similar to those Abshear suggested in his Rule 26(B) application. *See State v. Foster*, 845 N.E.2d 470 (Ohio 2006).

On July 13, 2005, Abshear filed this habeas corpus action in the U.S. District Court for the Southern District of Ohio. In his petition, Abshear asserts three grounds for relief:

---

[1] Rule 26(B)(1) states that "[a] defendant in a criminal case may apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel. An application for reopening shall be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time."

3

**Ground One**: Denial of Due Process under the 5th and 14th Amendments by state's failure to enforce its own statutory proce[]dures in giving a first time offender non-minimum sentences and in giving a maximum sentence as required and prohibited by law, respectively.

**Ground Two**: Denial of Due Process under the 5th and 14th Amendments, due to the state's failure to enforce its own statutory proce[]dures in giving consecutive sentences and when the prosecution conceded error on said issue.

**Ground Three**: Denial of Due Process under the 5th, 6th, and 14th Amendments, as the sentencing court made findings, exclusive to the providence [sic] of a jury, to give more than statutory minimum sentences to a first time offender and to give consecutive sentences.

J.A. at 12, 14-15 (Pet. at 5, 7-8). The magistrate judge subsequently recommended dismissal on the grounds of procedural default. The district judge adopted those recommendations and also granted a certificate of appealability on the various issues discussed below.

## II. ANALYSIS

### A. Procedural Default

The first question we must consider is whether Abshear has procedurally defaulted the claims that he now seeks to assert in federal court. "The district court's determination regarding procedural default and its resolution of whether 'cause and prejudice' exist to excuse the default [are] subject to de novo review." *Deitz v. Money*, 391 F.3d 804, 808 (6th Cir. 2004).

In applying the procedural-default doctrine, courts apply a three-step analysis:

First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule. . . .

Second, the court must decide whether the state courts actually enforced the state procedural sanction. . . .

Third, the court must decide whether the state procedural forfeiture is an "adequate and independent" state ground on which the state can rely to foreclose review of a federal constitutional claim.

4

*Maupin v. Smith*, 785 F.2d 135, 138 (6th Cir. 1986). If these three requirements are met, "then the petitioner must demonstrate . . . that there was 'cause' for him to not follow the procedural rule and that he was actually prejudiced by the alleged constitutional error." *Id.*

With respect to the first factor, we have acknowledged previously that, under Ohio law, if all the facts necessary to develop a claim were available on direct appeal, then that claim must be presented on direct appeal; otherwise, the claim is barred by res judicata. *See Durr v. Mitchell*, 487 F.3d 423, 432 (6th Cir. 2007), *cert. denied*, 128 S. Ct. 1652 (2008); *Buell v. Mitchell*, 274 F.3d 337, 349 (6th Cir. 2001); *see also State v. Harrington*, 876 N.E.2d 626, 629 (Ohio Ct. App. 2007) ("Generally, [post-conviction relief in Ohio] is available only for errors based upon evidence that exists outside the record on appeal."). "A claim is adequately raised on direct appeal if it was 'fairly presented' to the state court." *Williams v. Anderson*, 460 F.3d 789, 806 (6th Cir. 2006). This means that the petitioner "must assert both the *legal* and factual basis for his or her claim." *Id*. Furthermore, "[a]lthough general allegations of the denial of a fair trial or due process have been held insufficient to fairly present federal constitutional claims . . . a petitioner need not recite book and verse on the federal constitution." *Newton v. Million*, 349 F.3d 873, 877 (6th Cir. 2003) (internal quotation marks omitted). More specifically, there are four "actions" a petitioner may take in state court that "are significant to the determination as to whether a claim has been fairly presented." *Id.* These are:

> (1) reliance upon federal cases employing constitutional analysis; (2) reliance upon state cases employing federal constitutional analysis; (3) phrasing the claim in terms of constitutional law or in terms sufficiently particular to allege a denial of a specific constitutional right; or (4) alleging facts well within the mainstream of constitutional law.

*Id.* (internal quotation marks omitted).

5

We conclude that Abshear failed to "fairly present" any of his current constitutional claims in state court on direct appeal. With respect to his first two grounds for relief, Abshear essentially argues that the trial and appellate courts violated his right to due process by failing to apply state law properly. Of course,"federal habeas corpus relief does not lie for errors of state law." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) (internal quotation marks omitted). But we have acknowledged that habeas relief might be available where a violation of state law "amounts to a fundamental miscarriage of justice or a violation of the right to due process in violation of the United States Constitution." *Cristini v. McKee*, 526 F.3d 888, 897 (6th Cir. 2008), *cert. denied*, 129 S. Ct. 1991 (2009). Nonetheless, Abshear's claims were never fairly presented. First, insofar as Abshear argues that the state trial court violated his due-process rights, at no point on appeal did Abshear suggest that this rendered his sentence fundamentally unfair in the constitutional sense. All of Abshear's arguments centered solely around state-law requirements, and he cited no federal cases. Abshear argues that he "federalized" his claim in state court by citing *State v. Ridenour*, a state case where the defendant argued that "[t]he trial court's failure to sentence [him] in accordance with R.C. 2929.14(B) denied him due process of law as provided for by the Fourteenth Amendment to the United States Constitution . . . ." No. 2003CA7, 2004 WL 41713, at *1 (Ohio Ct. App. Jan. 9, 2004). However, although in *Newton* we suggested that "reliance upon state cases employing federal constitutional analysis" might preserve a claim, 349 F.3d at 877, *Ridenour* never addressed the federal constitutional aspects of the defendant's argument. And, in any event, Abshear cited the case only to establish a legal proposition that was concerned exclusively with state statutory law.

6

Similarly, insofar as Abshear argues that the state court of appeals violated his right to due process, this claim should have been presented in his direct appeal to the Ohio Supreme Court.[2]

With regard to his third claim, Abshear never so much as hinted on direct appeal that he was challenging the constitutionality of Ohio's sentencing regime. The closest he came to asserting this challenge was when he applied to reopen his direct appeal, but this was only in the context of advancing a separate claim of ineffective assistance of appellate counsel. *See Davie v. Mitchell*, 547 F.3d 297, 312 (6th Cir. 2008), *cert. denied*, -- U.S. --, 2009 WL 2761630 (U.S. Nov. 2, 2009) (No. 09-6184) ("[A] Rule 26(B) application based on ineffective assistance cannot function to preserve the underlying substantive claim" such that it will not be found to be procedurally defaulted. (internal quotation marks omitted)).

Therefore, we conclude that Abshear never brought his federal constitutional claims in state court and he cannot now do so on account of Ohio's res judicata doctrine. With regard to the remainder of the *Maupin* factors, we have held repeatedly that Ohio's res judicata doctrine is "an adequate and independent state ground." *Durr*, 487 F.3d at 432. And the second requirement—that the state rule be "enforced"—is not applicable where, as here, the state had no opportunity to rely upon the res judicata doctrine. *See Teague v. Lane*, 489 U.S. 288, 299 (1989); *Buell*, 274 F.3d at 349. Under these circumstances, Abshear's claims are procedurally defaulted.

---

[2]Even if these claims were not defaulted, we would still find against Abshear on the merits with respect to Grounds One and Two. Even if the Ohio courts did not follow state law precisely, Abshear still received a sentencing hearing that resulted in findings of fact which substantially complied with state statutory requirements, and there is nothing to suggest that the relatively technical errors he asserts rendered his proceedings so unfair as to rise to the level of a federal *constitutional* violation.

**B. Cause and Prejudice**

Just because Abshear's claims are procedurally defaulted, however, does not mean the analysis is at an end. "A defendant can overcome a procedural default by showing (a) cause for the default and (b) actual prejudice from it." *Hall v. Vasbinder*, 563 F.3d 222, 236 (6th Cir. 2009).[3] "In order to establish cause, a habeas corpus petitioner must show that 'some objective factor external to the defense' prevented the petitioner's compliance with a state procedural rule." *Bonilla v. Hurley*, 370 F.3d 494, 498 (6th Cir. 2004) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Here, Abshear argues that the ineffective assistance of his appellate counsel supplies the necessary cause. However, ineffective assistance of counsel claim cannot constitute cause if it itself is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 450-51 (2000). This presents a problem for Abshear since he failed to comply with Rule 26(B)'s ninety-day filing deadline. *Id.* at 453 (indicating that Rule 26(B), if deemed adequate by the Sixth Circuit, and not excused by separate cause and prejudice, could prevent a defendant from using ineffective assistance of appellate counsel as the cause for defaulting on underlying constitutional claims).

Abshear first responds by arguing that Rule 26(B)'s time limit is "inadequate." For a rule to be adequate, generally it must be "firmly established and regularly followed." *Ford v. Georgia*, 498 U.S. 423-24 (1991) (internal quotation marks omitted). Abshear argues that Ohio courts have been inconsistent in applying Rule 26(B)'s "good cause" exception to the ninety-day filing requirement. We do not, however, assess Rule 26(B) in a vacuum, but rather we are guided by past precedent. In particular, although we have noted that there was a point shortly after the rule came

---

[3]The "fundamental miscarriage of justice" exception is not applicable here because Abshear is not making a claim of "actual innocence." *Pudelski v. Wilson*, 576 F.3d 595, 606 n.2 (6th Cir. 2009).

into effect in 1993 when the law surrounding Rule 26(B) was in disarray, *see Monzo v. Edwards*, 281 F.3d 568, 577-78 (6th Cir. 2002), we have also stated recently that Rule 26(B)'s time limit can constitute an adequate procedural ground for dismissing applications brought in July 2002. *Scuba v. Brigano*, 527 F.3d 479, 488 (6th Cir. 2007), *cert. denied*, 129 S. Ct. 269 (2008). Of course, as Abshear points out, in *Franklin v. Anderson*, we noted recent "fluctuat[ions]" in how the Ohio Supreme Court approached 26(B)'s "good cause" requirement. 434 F.3d 412, 421 (6th Cir. 2006). But *Franklin* was a *capital* case, a distinction we recently emphasized in *Parker v. Bagley*, 543 F.3d 859, 862 (6th Cir. 2008). Because this is not a capital case, the only way in which Abshear could prevail would be with some showing that between 2002 and 2005 (when Abshear filed his Rule 26(B) application) the standard for "good cause" had lost its consistency with regard to non-capital cases. Abshear, however, has not cited any cases to this effect. Indeed, in denying Abshear's Rule 26(B) motion to reopen his appeal, the state court of appeals explained that "lack of effort or imagination, and ignorance of law" do not establish good cause, J.A. at 214 (internal quotation marks omitted), a principle of Rule 26(B) jurisprudence that the *Parker* panel acknowledged to be "consistently applied by Ohio courts," at least as of 2008. *Parker*, 543 F.3d at 862 n.1.

In claiming that Rule 26(B) is inadequate, Abshear also argues at length that it is unfair to expect a defendant who is represented by the same attorney on direct appeal to the state court of appeals and on appeal to the Ohio Supreme Court to discover his appellate counsel's ineffectiveness in time to file an application within the ninety-day window. As he argues, a defendant in this situation would be forced to challenge simultaneously his own attorney's competency while that same attorney was litigating his case before the Ohio Supreme Court (since that court normally takes longer than ninety days to render a decision). Although we are aware of no Sixth Circuit precedent

9

addressing this precise argument, we note that federal courts rarely find consistently applied state procedural bars to be inadequate. *See Lee v. Kemna*, 534 U.S. 362, 376 (2002). However, regardless of whether Rule 26(B) might under some circumstances be inadequate for the reasons Abshear describes, such would not be the case here. After all, even if it is unfair to expect a defendant to move to reopen his appeal while his appeal in the Ohio Supreme Court is still pending, Abshear did not move to reopen his appeal until over a year after that court issued its decision in his case.

Returning to the *Maupin* factors, Abshear also argues that the Ohio state courts did not actually "enforce" Rule 26(B)'s ninety-day time limit. In particular, he argues that the Ohio Supreme Court's cursory journal entry dismissing his appeal was ambiguous as to whether it was relying on the merits or on Abshear's failure to comply with the ninety-day time limit. He further argues that under *Hill v. McMackin*, 893 F.2d 810 (6th Cir. 1989), such ambiguity should be treated as a ruling on the merits. As we explained in *Couch v. Jabe*, however, *Hill* was overruled by *Ylst v. Nunnemaker*, in which the Supreme Court held that "'where . . . the last reasoned opinion on the claim explicitly imposes a procedural default, we will presume that a later decision rejecting the claim did not silently disregard that bar and consider the merits.'" *Couch v. Jabe*, 951 F.2d 94, 96 (6th Cir. 1991) (quoting *Ylst v. Nunnemaker*, 501 U.S. 797, 803 (1991)). Abshear's response is that the state court of appeals, in denying his Rule 26(B) application, reached the merits of his ineffective-assistance claim. *See* Appellant Br. at 44. However, this is incorrect. Although the opinion did discuss the alleged failings of Abshear's previous attorneys, it did so only because this was the cause that it perceived Abshear to be asserting for failing to bring his application within the ninety-day time limit. In other words, at no point did the state court of appeals decision consider

10

anything beyond the limited question of whether Abshear should be permitted to file his Rule 26(B) application late—it never cited *Strickland* or in any way purported to be conducting an independent analysis of Abshear's claim of ineffective assistance of appellate counsel.

Finally, Abshear argues that the State waived its procedural-default defense with regard to the late filing of the Rule 26(B) application. Of course, it is well established that "procedural default may be waived by failing to assert it." *Getsy v. Mitchell*, 495 F.3d 295, 317 (6th Cir. 2007) (en banc), *cert. denied*, 128 S. Ct. 1475 (2008) (citing *Slagle v. Bagley*, 457 F.3d 501, 514 (6th Cir. 2006)). However, here Abshear argues that the waiver occurred not in federal court, but rather when the state failed to file a response in opposition to Abshear's Rule 26(B) application in the state court of appeals and the subsequent appeal to the Ohio Supreme Court. Appellant Br. at 29. This, however, is not one of the *Maupin* requirements, which speak only in terms of state *courts* enforcing their procedural bars, not state attorneys. After all, the procedural-default doctrine is designed to prevent federal courts from "undermin[ing] the State's interest in enforcing its laws," *Coleman v. Thompson*, 501 U.S. 722, 731 (1991), and it would seem as though state *courts* should be the ultimate deciders as to when it is in the state's best interest to enforce a procedural rule.

Abshear replies by citing *Merlo v. Bolden*, where a panel of this court held that:

> In this case . . . the district court found that "respondent concedes that the prosecutor did not expressly raise the procedural default issue in his responsive brief before the Michigan Court of Appeals or the Michigan Supreme Court." Accordingly, the district court properly concluded that since procedural default was not argued in the state courts, the state courts denied relief based on the merits of [the petitioner's] claims. The state, by failing to assert procedural default, waived the right to assert it as an independent ground to support [the petitioner's] conviction. We discern no error in the district court's analysis.

801 F.2d 252, 255 (6th Cir. 1986), *cert. denied*, 480 U.S. 909 (1987). Admittedly, there is language in this excerpt which does support Abshear's claim that procedural default can be waived in state

11

court. However, as the magistrate judge correctly pointed out, it appears that the primary finding upon which the *Merlo* panel's decision was based was the fact that "the state courts denied relief based *on the merits of Merlo's claims*." *Id*. In other words, the court appeared to discuss the state's waiver of the procedural-default defense only in connection with determining the basis upon which the state court rested its decision. Here, by contrast, there is no doubt that the state court of appeals rejected Abshear's application because it was untimely filed. *See infra*. As a result, we have no need to consider the state's failure to respond to Abshear's Rule 26(B) application in the state court of appeals.

Therefore, Abshear's failure to meet Rule 26(B)'s ninety-day limit bars him from using his appellate attorney's alleged ineffectiveness as the necessary cause to overcome his procedural default. Of course, this bar could itself be overcome if Abshear were to show some additional cause and prejudice with regard to Rule 26(B)'s time limit. *See Edwards*, 529 U.S. at 453. However, we do not think there is adequate cause in this case. Abshear cannot again rely upon ineffective assistance of counsel or lack of counsel because Rule 26(B) proceedings are considered collateral, meaning Abshear had no Sixth Amendment right to an attorney. *Scuba*, 527 F.3d at 489 (citing *Lopez v. Wilson*, 426 F.3d 339, 352 (6th Cir. 2005) (en banc)). And to the degree that Abshear is relying upon his own lack of resources or lack of access to legal research materials, we have in the past found similar impediments to be inadequate to establish cause. *See, e.g.*, *Bonilla*, 370 F.3d at 498.

### III. CONCLUSION

For the reasons stated above, we **AFFIRM** the district court's judgment denying Abshear's petition for a writ of habeas corpus.

12