NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0656n.06

**No. 09-5840**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Sep 07, 2011*

LEONARD GREEN, Clerk

| | |
|---|---|
| LUVELL WEST, | ) |
| | ) |
| Petitioner-Appellant, | ) |
| | ) ON APPEAL FROM THE UNITED |
| v. | ) STATES DISTRICT COURT FOR THE |
| | ) WESTERN DISTRICT OF KENTUCKY |
| J. DAVID DONAHUE, | ) |
| | ) |
| Respondent-Appellee. | ) |

Before: COOK, McKEAGUE, and GRIFFIN, Circuit Judges.

COOK, Circuit Judge. This § 2254 habeas appeal raises one issue: whether petitioner procedurally defaulted his ineffective-assistance-of-counsel claims. The district court said yes, on the theory that the state courts applied an adequate and independent procedural rule—from *Baze v. Commonwealth*, 23 S.W.3d 619 (Ky. 2000)—to bar post-conviction relief. We need not reach the adequate-and-independent issue because we find that *Baze* no longer applies to petitioner's claims: they benefit, retroactively, from the abolishment of the applicable *Baze* rule. We therefore reverse the district court's judgment and remand for proceedings consistent with this opinion.

I.

In 2004, Luvell West pleaded guilty to murder and several other charges in exchange for a life sentence. West appealed after sentencing, claiming that trial counsel coerced his plea. The

Supreme Court of Kentucky rejected this claim and affirmed his conviction and sentence. *West v. Commonwealth*, No. 2005-SC-000239-MR, 2006 WL 1360189, at *3 (Ky. May 18, 2006) (per curiam).

West next moved to vacate his conviction and sentence pursuant to Kentucky Rule of Criminal Procedure (RCr) 11.42, alleging that his trial counsel's multiple instances of ineffective assistance rendered his plea involuntary. The trial court denied his motion.

The court of appeals affirmed, deeming all of West's ineffective-assistance claims procedurally barred. *West v. Commonwealth*, No. 2006-CA-002488-MR, 2008 WL 2312616, at *3 (Ky. Ct. App. June 6, 2008). The court explained that because *all* of West's claims attacked the validity of his plea—the same underlying error he challenged in his direct appeal—he could and should have raised them on direct appeal as alterative grounds to invalidate his plea. *Id.* (citing *Baze*, 23 S.W.3d at 626, 628). Because of this rule—the "*Baze* rule"—RCr 11.42 did not permit him simply to recast his validity challenge as various ineffective-assistance claims. *Id.*

After the Kentucky Supreme Court denied discretionary review of his collateral attack, West filed a § 2254 habeas petition, *see* 28 U.S.C. § 2254, raising the same claims of ineffective assistance of counsel. The district court found that West procedurally defaulted his ineffective-assistance claims because the state courts relied on an adequate and independent state procedural rule to bar them—the *Baze* rule—and it accordingly denied his petition. *West v. Donahue*, No. 5:08CV-00199-

No. 09-5840
*West v. Donahue*

R, 2009 WL 1735297, at *1, *4 (W.D. Ky. June 17, 2009). We granted a certificate of appealability on one issue: the procedural default.

## II.

Procedural default bars federal habeas review of a constitutional claim when (1) the petitioner failed to comply with a state procedural rule that applies to the claim; (2) the state court enforced the procedural rule against the claim; (3) the procedural rule constitutes "an adequate and independent state ground upon which the state can rely to foreclose review" of the claim; and (4) the petitioner cannot demonstrate cause for the default and prejudice from the constitutional error. *Hutchinson v. Bell*, 303 F.3d 720, 735–36 (6th Cir. 2002).

The parties focus on the third prong of the procedural-default test and dispute the adequacy of the *Baze* rule. *See, e.g.*, *Parker v. Bagley*, 543 F.3d 859, 861–62 (6th Cir. 2008) (discussing the adequacy test). But the cases that West relies upon more appropriately challenge the first prong of the procedural-default test and raise an interesting question: does the *Baze* rule, which the Kentucky courts discarded during the pendency of West's RCr 11.42 proceedings, *continue to apply* to his ineffective-assistance claims and thus prevent habeas review? We think not.

The legal landscape for post-conviction proceedings in Kentucky changed significantly between the filing of West's direct appeal and the conclusion of his collateral attack. At the time of his direct appeal, *Baze* "bar[red] ineffective assistance of counsel claims related to issues that were

raised on direct appeal." *Leonard v. Commonwealth*, 279 S.W.3d 151, 157 (Ky. 2009). In other words, the *Baze* rule prohibited a defendant from using RCr 11.42 to relitigate "[a]n issue raised and rejected on direct appeal . . . by claiming that it amount[ed] to ineffective assistance of counsel." *Id.* (emphasis omitted) (internal quotation marks and citation omitted). But in *Martin v. Commonwealth*, the Kentucky Supreme Court—without mentioning *Baze*—reversed course and allowed the defendant to present his ineffective-assistance claims in an RCr 11.42 motion despite the lower courts rejecting, on direct appeal, his underlying claim of error. 207 S.W.3d 1, 3–5 (Ky. 2006); *see also Leonard*, 279 S.W.3d at 157. Several years later, Kentucky's highest court acknowledged that *Martin* overruled *Baze*; it further explained that, in certain circumstances, *Martin* applies retroactively to the benefit of RCr 11.42 movants who assert ineffective-assistance claims related to previously rejected claims of underlying error. *Leonard*, 279 S.W.3d at 158–62.

This is one of those circumstances where *Martin* applies retroactively. A new collateral attack rule applies retroactively only if the new rule is announced before "the order resolving a collateral attack becomes final." *Id.* at 160. *Martin* announced a new procedural rule, thus making the date of that decision the proper point for determining retroactivity. *Id.* at 160–61; *see also Cecil v. Commonwealth*, No. 2009-CA-000462-MR, 2010 WL 4739987, at *2 (Ky. Ct. App. Nov. 24, 2010) (allowing defendant, in light of *Martin* and *Leonard*, to raise formerly barred ineffective-assistance claims in an RCr 11.42 motion); *Bronk v. Commonwealth*, No. 2007-CA-001724-MR, 2010 WL 2427424, at *2–3 (Ky. Ct. App. June 18, 2010) (same). And West, unlike the *Leonard* defendant, benefits from the new rule. In *Leonard*, the defendant's RCr 11.42 proceeding concluded

long *before* the 2006 *Martin* decision. 279 S.W.3d at 162. West's collateral attack, however, became final in 2008 when the Kentucky Supreme Court denied discretionary review—long *after* the *Martin* decision. *See id.* at 160. Because *Martin* trumps *Baze* here, the *Baze* rule no longer applies to West's ineffective-assistance claims and thus does not foreclose federal habeas review.

III.

Though West neglected to raise his ineffective-assistance claims in his direct appeal—and, as a result, failed to comply with the *Baze* rule—that rule no longer bars his claims: the claims benefit from the retroactive application of the new procedural rule announced in *Martin*. We therefore reverse the district court's judgment and remand for proceedings consistent with this opinion.