**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 15a0817n.06

**No. 14-3312**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

| | | |
|---|---|---|
| DOUGLAS A. MCCLAIN, | ) | |
| | ) | |
| Petitioner-Appellant, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| BENNIE KELLY, Warden, | ) | COURT FOR THE SOUTHERN |
| | ) | DISTRICT OF OHIO |
| Respondent-Appellee. | ) | |
| | ) | |
| | ) | |

FILED
Dec 14, 2015
DEBORAH S. HUNT, Clerk

BEFORE:    KEITH, MERRITT, and BOGGS, Circuit Judges.

BOGGS, Circuit Judge. In 2009, an Ohio state jury convicted Petitioner-Appellant Douglas McClain of murdering his girlfriend. The Ohio courts subsequently denied all of McClain's appeals. In 2013, McClain filed a petition for a writ of habeas corpus in federal district court raising multiple grounds for relief, including a claim that he was denied the effective assistance of trial counsel because of his attorneys' failure to advise him that he had an absolute right to testify in his own defense. The district court determined that all of McClain's claims for relief, among them an ineffective-assistance-of-appellate-counsel claim that identified his underlying substantive claims as errors that should have been raised on direct appeal, were procedurally defaulted and denied the petition.

Soon after the district court's decision, this court decided *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014), upon which McClain now relies in an attempt to demonstrate cause and prejudice to excuse his procedural defaults. We hold that McClain has not established cause to

excuse his defaults and that *Gunner* does not change this outcome. In addition, we hold that McClain's claim regarding his attorneys' failure to advise him of his right to testify was not fairly presented to the Ohio state courts and thus cannot be reviewed on federal habeas. We therefore affirm the district court's denial of McClain's petition.

I

A. McClain's Criminal Conduct, Indictment, and Conviction

Douglas McClain met his girlfriend, Candace O'Neill, in August 2008. *State v. McClain*, No. 10–CA–10, 2011 WL 1226270, at *1 (Ohio Ct. App. Mar. 30, 2011). O'Neill moved into McClain's trailer soon after. *Ibid.* Later in 2008, O'Neill began expressing concerns about McClain's behavior, and McClain told her that she needed to move out. *Ibid.* On December 28, 2008, O'Neill spoke with a friend on the phone and stated that her relationship with McClain was not going well. *Ibid.* O'Neill said that she would call her friend back after she left McClain's trailer, but she never did. *Ibid.*

A few hours later, McClain called 911 and stated that he had just been shot. *Ibid.* When the authorities arrived at his trailer, McClain, who had a gunshot wound in his chest, claimed that O'Neill shot him with a .45-caliber handgun and that he then shot O'Neill with a .38-caliber handgun in self-defense. Appellant Br. 8. O'Neill, who was found on the floor of the trailer, died as a result of a gunshot wound located in the middle of her back. *McClain*, 2011 WL 1226270, at *1.

In the months following the shooting, McClain "told one person that O'Neill shot him in the kitchen and that he shot her while she leaned over him as he lay prone on the kitchen floor." *Id.* at *2. This version of events was refuted, however, by the coroner's analysis of the physical

2

evidence. *Ibid.* McClain also told two other people that he had shot O'Neill first and then shot himself to make it appear that he acted in self-defense. *Ibid.*

On July 8, 2009, McClain was indicted by a Guernsey County, Ohio grand jury on one count of murder, in violation of Ohio Rev. Code § 2903.02, along with a firearm specification. *McClain*, 2011 WL 1226270, at *3. During a jury trial held from January 26 through January 29, 2010, the defense maintained that McClain acted in self-defense. McClain did not testify on his own behalf, and he was convicted as charged. On February 16, 2010, the Ohio trial court sentenced McClain to fifteen years to life for the murder conviction and a mandatory term of three years for the firearm specification. *Ibid.*

### B. Direct Appeal

On March 11, 2010, McClain filed a direct appeal of his conviction in the Fifth District Court of Appeals, Guernsey County. In his brief, McClain raised six assignments of error, including a claim that his trial counsel provided ineffective assistance. McClain's sole argument in support of this claim was that his attorneys erred by failing to offer a ballistics expert to establish that he acted in self-defense. On March 30, 2011, the Ohio Court of Appeals overruled McClain's assignments of error and affirmed the trial court's judgment. *Id.* at *3–8.

On May 16, 2011, McClain filed a notice of appeal with the Supreme Court of Ohio. In his supporting brief, McClain offered three arguments in support of his ineffective-assistance claim: (1) counsel was ineffective "in failing to put [McClain] himself on the stand" to establish self-defense; (2) counsel was ineffective in failing to introduce expert ballistics testimony; and (3) counsel was ineffective in failing to "object to a host of evidentiary issues throughout the trial." On September 21, 2011, the Supreme Court of Ohio declined jurisdiction to hear the case

3

and dismissed McClain's appeal as not involving any substantial constitutional question. *State v. McClain*, No. 2011-0828 (Ohio Sept. 21, 2011).

### C. Post-Conviction Petition

On September 28, 2010, while the direct appeal before the Ohio Court of Appeals was still pending, McClain filed a petition for post-conviction relief in the Ohio trial court pursuant to Ohio Rev. Code § 2953.21. Collateral proceedings under § 2953.21 are the proper avenue under Ohio law for raising claims of ineffective assistance of *trial* counsel that are dependent on facts outside of the trial record. *See infra* Part III.B.3.a. In this petition, McClain argued that he was denied the effective assistance of trial counsel in part because of his counsel's failure "to call [McClain] as [a] witness during the trial after having raised the affirmative defense of self-defense." On November 30, 2010, the trial court found that McClain failed to prove that he was denied the effective assistance of trial counsel or that he was prejudiced by his trial counsel's performance. In reaching this conclusion, the court determined that "the decision regarding which witnesses to call and whether to call a defendant falls within the purview of trial tactics." The court therefore denied McClain's petition for post-conviction relief.

On December 27, 2010, McClain filed a notice of appeal regarding the denial of his post-conviction petition with the Ohio Court of Appeals. In this appeal, McClain again raised as error his trial counsel's failure to call him as a witness. On November 14, 2011, the Ohio Court of Appeals denied McClain's assignment of error after rejecting on the merits each of the arguments offered in support of his ineffective-assistance claim. *State v. McClain*, No. 10CA0048, 2011 WL 5590458 (Ohio Ct. App. Nov. 14, 2011).

On December 28, 2011, McClain appealed to the Ohio Supreme Court, raising, inter alia, the following issue in his memorandum in support of jurisdiction:

4

> A defendant is denied effective assistance of counsel in a case where he is raising the affirmative defense of self-defense if counsel fails to call the defendant as a witness . . . .

In support of this claim, McClain argued that his trial counsel "failed to properly advise [him] on his right to testify or whether he should testify on his own behalf." On March 21, 2012, the Ohio Supreme Court again declined jurisdiction to hear the case and dismissed McClain's post-conviction appeal as not involving any substantial constitutional question. *State v. McClain*, No. 2011-2180 (Ohio Mar. 21, 2012).

### D. Rule 26(B) Application for Reopening Direct Appeal

On April 23, 2012, McClain filed an (untimely) application to reopen his direct appeal with the Ohio Court of Appeals pursuant to Ohio Rule of Appellate Procedure 26(B). "In Ohio, claims of ineffective assistance of *appellate* counsel are not cognizable in the normal course of post-conviction proceedings, and must be raised through an application to reopen the direct appeal pursuant to Ohio Rule of Appellate Procedure 26(B)." *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012) (emphasis added). Rule 26(B) thus permits a criminal defendant to "apply for reopening of the appeal from the judgment of conviction and sentence, based on a claim of ineffective assistance of appellate counsel." Ohio App. R. P. 26(B)(1). The Rule requires an application to "be filed in the court of appeals where the appeal was decided within ninety days from journalization of the appellate judgment unless the applicant shows good cause for filing at a later time." *Ibid.* The Ohio Court of Appeals rendered judgment in McClain's direct appeal on March 30, 2011, but McClain did not file his application to reopen until over a year later on April 23, 2012.

In the brief in support of his application, McClain raised a claim of ineffective assistance of appellate counsel regarding his appellate counsel's representation in the direct appeal. Specifically, McClain asserted that his appellate counsel failed to raise the following issues:

I. The trial court erred by improperly instructing the jury that the appellant had a duty to retreat in his own home before he could properly assert the affirmative defense of self-defense.

II. Ohio's requirement that a defendant bears the burden of proof when raising the defense of self-defense is barred by both the federal and Ohio constitution [sic].

III. The trial court erred by failing to instruct the appellant that he possessed a right to testify.

IV. The appellant was denied the effective assistance of trial counsel.

In support of the underlying ineffective-assistance-of-trial-counsel claim, McClain argued, inter alia, that his trial attorneys "[f]ailed to ensure that McClain understood his right to testify and to have the trial court inquire of the defendant of his right on the record." In an accompanying affidavit, McClain maintained that he "wanted to testify from the inception of the case but trial counsel would not allow [him] to do so," and that he "did not know that it was [his] decision to make and that it [was] a personal right to [him]." McClain also asserted that his appellate counsel's failure to advise him that he could reopen his appeal under Rule 26(B) excused the untimeliness of his filing.

The Ohio Court of Appeals applied the Ohio Supreme Court's guidance to "strictly enforce the 90-day deadline" for Rule 26(B) applications and held that McClain's ignorance of the deadline did not establish good cause for the untimeliness of his filing. *State v. McClain*, No. 10CA0010 (Ohio Ct. App. July 26, 2012). On August 28, 2012, McClain appealed the denial of his untimely application to reopen to the Ohio Supreme Court. On November 7, 2012, the Ohio

Supreme Court once again dismissed McClain's appeal as not involving any substantial constitutional question. *State v. McClain*, No. 2012-1468 (Ohio Nov. 7, 2012).

### E. Federal Habeas Proceedings

On March 6, 2013, McClain filed a federal petition for a writ of habeas corpus under 28 U.S.C. § 2254 in the United States District Court for the Southern District of Ohio. In the petition, McClain raised nine grounds for relief, four of which remain relevant to this appeal. As summarized by the magistrate judge below, these grounds are:

> **Ground One**: Improper Self-Defense Instruction
>
> Supporting Facts: The trial court erred by improperly instructing [the jury] that the [petitioner] had a duty to retreat in his own home before he could properly assert the affirmative defense of self-defense.
>
> ***
>
> **Ground Three**: Trial counsel provided ineffective assistance of counsel to the Petitioner in violation of the Sixth and Fourteenth Amendments to the United States Constitution.
>
> Supporting Facts: Counsel submitted proposed jury instruction regarding self-defense prior to trial. In voir dire, counsel raised the affirmative defense of self-defense. Nevertheless, trial counsel failed to object to an improper self-defense instruction which placed the duty to retreat on McClain even though Ohio law requires no duty to retreat when in your own home. The offense here transpired in McClain's home. The failure to insist on proper jury instructions place [sic] an additional burden to prove an element of self-defense which the law did not require.
>
> McClain wanted to testify and expressed this desire to counsel. However, counsel ultimately decided for the Petitioner that he would not testify. Counsel did not advise McClain that he had an absolute right to testify, regardless of counsel's recommendation. . . .
>
> Defense counsel failed to object to the constitutionality of Ohio's placing the burden of self-defense upon the defendant. As the right to self defense is based on the Second Amendment of the United

States Constitution, the state may not place the burden of enforcing a basic right on a defendant.

During the jury selection, a prospective juror, who had previously sat on a murder trial, was asked by the prosecutor whether he would have any problem serving on McClain's case. The juror's response was "probably not." The juror was visibly concerned and unsure when he answered. As a result, counsel did exercise a peremptory challenge on the juror, but might have had the juror dismissed for cause and saved the challenge for another less favorable juror.

\*\*\*

**Ground Four**: McClain was entitled to the *effective* assistance of counsel in his direct appeal of right. *Evitts v. Lucy*, 469 U.S. 387 (1985); Sixth Amendment to the Constitution of the United States; Fourteenth Amendment to the Constitution of the United States. *See also* Ohio App. R. 26(B); S. Ct. Prac. R. XI(5), Staff Commentary to Rule XI, Section 5. The right to effective assistance of counsel is dependent on the right to counsel itself. *Wainwright v. Torna*, 455 U.S. 586, 587–588 (1982). The right to counsel would be meaningless if the counsel provided was inept, incompetent, or ineffective. *Evitts*.

Supporting Facts: Appellate counsel failed to raise the following issues:

I. The trial court erred by improperly instructing that the appellant had a duty to retreat in his own home before he could properly assert the affirmative defense of self-defense.

II. Ohio's requirement that a defendant bear the burden of proof when raising the defense of self-defense is barred by the federal constitution.

III. The trial court erred by failing to instruct the appellant that he possessed a right to testify.

IV. The appellant was denied the effective assistance of trial counsel.

\*\*\*

**Ground Six**: Failure of trial court to instruct McClain he had right to testify.

*McClain v. Kelly* (*McClain I*), No. 2:13-CV-269, 2014 WL 198318, at \*5–7 (S.D. Ohio Jan. 15, 2014) (alterations in original). On January 15, 2014, the magistrate judge issued a report and recommendation suggesting that McClain's petition be dismissed with prejudice. *Id.* at \*24. McClain filed objections to the report and recommendation regarding the four grounds for relief listed above.

On March 5, 2014, the district court adopted the magistrate judge's report and recommendation and denied McClain's petition. *McClain v. Kelly* (*McClain II*), No. 2:13-CV-269, 2014 WL 868125, at \*3 (S.D. Ohio Mar. 5, 2014). The district court found that McClain procedurally defaulted many of the relevant grounds for relief and that McClain failed to establish cause and prejudice for the defaults. *Id.* at \*1–3.

McClain timely filed a notice of appeal and a motion for a certificate of appealability. On May 6, 2014, the district court granted a limited certificate of appealability certifying the following issues for appeal:

> 1. Did the District Court properly dismiss Petitioner's claims as procedurally defaulted?
>
> 2. Did the District Court properly dismiss Petitioner's claim of ineffective assistance of trial counsel based on his attorney's failure to advise him that he had a right to testify on the merits?

*McClain v. Kelly*, No. 2:13-CV-269, at 5 (S.D. Ohio May 6, 2014) ("Certificate").

## II

In an appeal from a district court's decision denying a petition for a writ of habeas corpus, we review the district court's legal conclusions de novo and its factual findings for clear error. *Scott v. Houk*, 760 F.3d 497, 503 (6th Cir. 2014). McClain filed his habeas petition subsequent to the enactment of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), and therefore the provisions of that statute apply to this appeal. Under AEDPA, a

federal court may grant habeas relief with respect to a "claim that was adjudicated on the merits in State court proceedings" only if the adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d).

To be eligible for federal habeas relief under § 2254 in the first place, a state prisoner must have exhausted the remedies available to him in state court. *See id.* § 2254(b). Thus, if a petitioner failed to raise a claim on appeal due to a failure to comply with a state procedural rule, that claim is subject to procedural default and will only be reviewed by a federal court on habeas if the petitioner is able to demonstrate cause and prejudice for his default. *See Coleman v. Thompson*, 501 U.S. 722, 729–30, 750 (1991). Moreover, in order to satisfy fully the exhaustion requirements on habeas, a petitioner must have "fairly presented" to the state courts the "substance of [his] federal habeas corpus claim." *Picard v. Connor*, 404 U.S. 270, 275, 278 (1971).

## III

The first issue presented in McClain's certificate of appealability concerns whether the district court properly dismissed the bulk of McClain's habeas claims as procedurally defaulted.

## A

McClain seems to concede that most of the substantive claims for relief presented in his habeas petition, as well as the ineffective-assistance-of-appellate-counsel claim that identified those underlying claims as errors that should have been raised on appeal, are subject to procedural default because they were raised for the first time in an untimely application to

reopen his state direct appeal filed pursuant to Ohio Rule of Appellate Procedure 26(B).[1]

The Ohio Court of Appeals determined that McClain's ignorance of Rule 26(B)'s ninety-day deadline did not establish good cause for the untimely filing and refused to reopen McClain's appeal. *State v. McClain*, No. 10CA0010 (Ohio Ct. App. July 26, 2012). As noted by this court, "violation of the timeliness requirements of an application for reopening an appeal" "results in a claim being procedurally defaulted," and the state court's refusal to reopen the appeal on this basis "constitute[s an] adequate and independent state groun[d] to preclude hearing an untimely claim on the merits." *Baker v. Bradshaw*, 495 F. App'x 560, 565–66 (6th Cir. 2012) (citing *Monzo v. Edwards*, 281 F.3d 568, 578 (6th Cir. 2002)).

Thus, McClain focuses on whether "the default must be excused because cause and prejudice has been established." Appellant Br. 14. McClain argues that his direct-appeal appellate counsel was ineffective in not informing him of the Rule 26(B) filing deadline and that this ineffectiveness constitutes cause that can excuse the default of the ineffective-assistance-of-appellate-counsel claim he sought to raise in his Rule 26(B) application. This underlying ineffective assistance of appellate counsel would then constitute the cause to excuse the default of McClain's substantive claims, which appellate counsel failed to raise before the Ohio courts.[2]

---

[1] As discussed below, the parties dispute whether McClain defaulted the claim that trial counsel improperly failed to advise him that he had a right to testify. *See infra* Part IV.

[2] If unable to demonstrate cause and prejudice, a habeas petitioner can only avoid the consequences of a procedural default by demonstrating that review of his claims "is needed to prevent a fundamental miscarriage of justice, such as when the petitioner submits new evidence showing that a constitutional violation has probably resulted in a conviction of one who is actually innocent." *Hodges v. Colson*, 727 F.3d 517, 530 (6th Cir. 2013). McClain only "briefly address[es] the 'manifest injustice' exception" in his reply brief, Appellant Reply Br. 1, and even then he frames the issue more as a prejudice inquiry than, for example, an attempted showing of actual innocence. Moreover, the district court did not certify the manifest-injustice issue for appeal. Accordingly, we will not address it. *See Wilson v. Hurley*, 382 F. App'x 471, 477 n.4 (6th Cir. 2010).

11

B

Ineffective assistance of counsel may in some circumstances constitute the "cause" necessary to overcome a procedural default in habeas proceedings. *See, e.g.*, *Murray v. Carrier*, 477 U.S. 478, 492 (1986). In *Coleman v. Thompson*, the Supreme Court stressed, however, that "a petitioner cannot claim constitutionally ineffective assistance of counsel" in proceedings in which "[t]here is no constitutional right to an attorney," such as "state post-conviction proceedings." 501 U.S. 722, 752 (1991). As a result, the Court held that alleged attorney error in state post-conviction proceedings "cannot constitute cause to excuse [a] default in federal habeas." *Id.* at 757.

In *Martinez v. Ryan*, the Court carved out a "narrow exception" to *Coleman*'s general rule. 132 S. Ct. 1309, 1315 (2012). Under the *Martinez* exception, "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial," provided that the relevant state law required that "claims of ineffective assistance of trial counsel . . . be raised in [the] initial-review collateral proceeding." *Id.* at 1315, 1320.

Recently, in *Gunner v. Welch*, this court held that an Ohio habeas petitioner could assert as cause his direct-appeal appellate counsel's failure to advise him of the time limit for filing for post-conviction relief pursuant to Ohio Rev. Code § 2953.21. 749 F.3d at 515–16, 520. As noted above, collateral proceedings under § 2953.21 are the proper avenue under Ohio law for raising claims of ineffective assistance of *trial* counsel that are dependent on facts outside of the trial record. In holding that a habeas petitioner may be able to assert as cause his appellate counsel's failure to inform him of § 2953.21's filing requirements, the *Gunner* court reasoned that the issue of whether a petitioner's appellate counsel "had an obligation to apprise him of

12

the" filing requirements "is analytically separate from the issue[s] of whether . . . appellate counsel was obligated to file" a § 2953.21 petition and whether the petitioner "had a constitutional right to the effective assistance of counsel in [the § 2953.21] proceeding." *Id.* at 515–16.

In granting the certificate of appealability in the instant case, the district court noted that:

> "The holding in *Gunner* arguably applies to the procedural default of [McClain's] claim of ineffective assistance of appellate counsel. This is because, although Rule 26(B) proceedings are considered to be collateral in nature where the constitutionally effective assistance of counsel does not apply, a Rule 26(B) proceeding is the proper avenue by which to raise a claim of ineffective assistance of appellate counsel in the Ohio courts."

Certificate at 4. We address each of the issues implicated by McClain's appeal in turn.

1

We first consider whether alleged ineffective assistance of counsel in connection with a Rule 26(B) application falls within *Coleman*'s general rule that attorney error in proceedings wherein there is no right to counsel cannot serve as cause for a procedural default.

In the years prior to the Supreme Court's decision in *Martinez v. Ryan*, this court consistently stressed that "[a] Rule 26(B) application is a collateral challenge to which petitioners do not have the right to assistance of counsel." *Carter*, 693 F.3d at 565. On this basis, we have held that habeas petitioners cannot claim as cause to excuse a procedural default the ineffective assistance of appellate counsel in connection with the failure to file a Rule 26(B) application. *Ibid.* Indeed, we have held specifically that the failure of counsel to notify a petitioner of the Rule 26(B) deadline does not constitute ineffective assistance and we have never suggested otherwise.

In *Scuba v. Brigano*, we stressed that a petitioner's "counsel could not have been 'ineffective' for failing to file [a timely Rule 26(B)] application on [a petitioner's] behalf"

13

because "Rule 26(B) filings are collateral proceedings to which a defendant has no Sixth Amendment right to the assistance of counsel." 527 F.3d 479, 489 (6th Cir. 2007); *see also Williams v. Bagley*, 166 F. App'x 176, 180 (6th Cir. 2006) (holding that a petitioner "cannot claim ineffective assistance of counsel for his attorney's failure to timely file a 26(B) petition because he had no right to counsel at that stage").

In *Rideau v. Russell*, this court confirmed that Rule 26(B) serves as an adequate and independent state ground on which a procedural-default ruling may rest in non-capital cases. 342 F. App'x 998, 1002–03 (6th Cir. 2009); *see also Franklin v. Anderson*, 434 F.3d 412, 420–21 (6th Cir. 2006) (reviewing Ohio Supreme Court's enforcement of Rule 26(B)'s timeliness requirements in capital cases). Although the *Rideau* court did not specifically undertake a cause-and-prejudice inquiry, it did observe that "[t]he failure of . . . appellate counsel to know of Rule 26(B)'s ninety-day limitations period cannot constitute cause" because "Rule 26(B) is a collateral proceeding to which no right to assistance of counsel attaches." 342 F. App'x at 1003 n.2 (citing *Scuba*, 527 F.3d at 489).

This court then directly confronted the issue in *Tolliver v. Sheets*. In that case, the petitioner—like McClain—was convicted in Ohio state court of murdering his live-in girlfriend. 594 F.3d 900, 905 (6th Cir. 2010). In the resulting federal habeas proceedings, the court considered the procedural default of an ineffective-assistance-of-appellate-counsel claim. The petitioner—also like McClain—argued that "he had cause for his procedural default because . . . he received ineffective advice from his counsel, who (he claims) failed to warn him about the ninety-day deadline or even to tell him in time about the possibility of filing a 26(B) motion." *Id.* at 929. In rejecting this argument, we stressed that a "Rule 26(B) proceeding is a 'separate collateral' proceeding rather than part of the original appeal" and the petitioner "has no

14

constitutional right to counsel for the proceeding—and thus certainly had no constitutional right to *effective* counsel." *Ibid.* As a result, because the petitioner "was not entitled to representation for his Rule 26(B) application, any poor advice he received from an attorney cannot establish cause for his default." *Ibid.*

A few months later, in *Wilson v. Hurley*, we considered a case in which the Ohio courts again dismissed a petitioner's Rule 26(B) application as untimely. 382 F. App'x 471, 474 (6th Cir. 2010). The federal district court denied the resulting habeas petition but granted a certificate of appealability as to whether cause and prejudice had been established to excuse the procedural default. The petitioner claimed that his appellate counsel's failure to advise him of the ninety-day deadline under Rule 26(B) constituted sufficient cause. *Id.* at 478. In response, this court first observed that "[i]neffective assistance of counsel may constitute cause for a procedural default only at a stage of the proceedings where a petitioner has a Sixth Amendment right to counsel." *Ibid.* This right to counsel "does not extend to discretionary appeals or collateral post-conviction proceedings." *Ibid.* Thus, we reiterated that "a petitioner's counsel cannot be ineffective for failing to file a Rule 26(B) application on his behalf." *Ibid.* (citing *Scuba*, 527 F.3d at 489).

In an attempt to distinguish this precedent, the petitioner in *Wilson* argued, based on *Smith v. Ohio Department of Rehabilitation & Corrections*, 463 F.3d 426 (6th Cir. 2006), that the relevant ineffectiveness related not to his "new appellate counsel's performance at the Rule 26(B) stage, but rather to his first appellate counsel's performance on direct appeal," where there *is* a right to counsel. *Wilson*, 382 F. App'x at 478. In *Smith*, the petitioner had claimed that his appellate lawyer was ineffective in not promptly notifying him of the decision of the Ohio Court of Appeals in his direct appeal, which began the clock on the forty-five-day deadline for filing a

15

notice of appeal with the Ohio Supreme Court. 463 F.3d at 432–35. This court agreed, stressing that "there is a constitutional right to effective assistance of counsel during a direct appeal as of right, the stage of the proceedings at which Smith claims that his lawyer failed, and that appellate counsel's duties do not terminate the moment the court of appeals hands down its decision." *Id.* at 433 (citations omitted). Thus, the *Smith* court held that appellate counsel's failure to inform the petitioner of the decision of the Ohio Court of Appeals amounted to cause with respect to the resulting procedural default in the Ohio Supreme Court. *Id.* at 435.

Relying on this reasoning, the petitioner in *Wilson* maintained that, "even though he did not have a constitutional right to a Rule 26(B) application or effective assistance of counsel at that stage, his appellate counsel's duty to provide effective assistance during the first appeal of right carried with it the continuing duty to notify [the] [p]etitioner of the deadline for filing a Rule 26(B) application." 382 F. App'x at 479. The *Wilson* court held otherwise, stressing that "[c]ounsel's alleged failure to inform [the] [p]etitioner of the time requirements for filing a Rule 26(B) application for reopening the appeal—unlike informing a client of the decision in a proceeding in which counsel represented that client—does not relate to the continuation of the direct appeal. Rather, such conduct relates to an independent, collateral proceeding" at which there is no right to counsel. *Ibid.* Thus, the Rule 26(B) context is distinct from the context in *Smith*, where the alleged attorney ineffectiveness "relate[d] to representation at a stage of the proceeding when there is a right to counsel." *Ibid.* (quoting *Smith*, 463 F.3d at 433 n.4).

The principle underlying this line of cases has recently been confirmed by this court. In *Carter v. Mitchell*, the petitioner filed a Rule 26(B) application that the Ohio Court of Appeals denied on timeliness grounds. 693 F.3d 555, 565 (6th Cir. 2012). The petitioner's counsel did not appeal this denial to the Ohio Supreme Court, which resulted in a procedural default. We

16

reiterated that, because a petitioner has "no right to counsel at" the Rule 26(B) stage, "[c]ounsel's failure to appeal this decision is not cause to excuse this procedural default." *Ibid.* Importantly, our decision in *Carter* was issued *after* the Supreme Court's decision in *Martinez v. Ryan*, which is discussed further below.

2

We next consider whether the *Martinez* exception itself can save McClain from the operation of *Coleman*'s general rule that ineffective assistance of counsel cannot serve as cause to excuse a procedural default in state post-conviction proceedings.

As noted above, *Martinez* established that "[i]nadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance *at trial*." 132 S. Ct. at 1315 (emphasis added). Under this exception, a "petitioner's procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance of *trial counsel* if state law required that the claim of ineffective assistance of trial counsel be raised first in an initial-review post-conviction proceeding and no counsel assisted the petitioner during that proceeding or counsel's assistance in that proceeding was ineffective." *Henness v. Bagley*, 766 F.3d 550, 556 (6th Cir. 2014) (emphasis added) (citing *Martinez*, 132 S. Ct. at 1320).

The magistrate judge and district court in the instant case determined that *Martinez*'s narrow exception does not apply to McClain's petition because *Martinez* is limited "to circumstances under which the collateral proceeding at issue provides the first opportunity for a prisoner to raise a claim of ineffective assistance of trial, not appellate, counsel." *McClain II*, 2014 WL 868125, at *1; *see also McClain I*, 2014 WL 198318, at *11 ("*Martinez* did not address the issue presented by [McClain] here: whether an attorney's negligence could constitute

17

'cause' in a collateral proceedings which provided the first opportunity to present a claim for ineffective assistance of *appellate* counsel."). The *Martinez* Court itself stressed that:

> *The holding in this case does not concern attorney errors in other kinds of proceedings*, *including* appeals from initial-review collateral proceedings, second or successive collateral proceedings, and *petitions for discretionary review in a State's appellate courts. It does not extend to attorney errors in any proceeding beyond the first occasion the State allows a prisoner to raise a claim of ineffective assistance at trial*, even though that initial-review collateral proceeding may be deficient for other reasons.

132 S. Ct. at 1320 (emphases added) (citations omitted). "[I]n all but the limited circumstances recognized here," the *Martinez* Court asserted, "[t]he rule of *Coleman* governs." *Ibid.* Indeed, in the Supreme Court's only precedent expanding *Martinez*, the Court similarly limited its reach to ineffective-assistance-of-trial-counsel claims. *See Trevino v. Thaler*, 133 S. Ct. 1911, 1921 (2013) ("We conclude that where, as here, state procedural framework . . . makes it highly unlikely in a typical case that a defendant will have a meaningful opportunity to raise a claim of ineffective assistance of trial counsel on direct appeal, our holding in *Martinez* applies . . . .").

As this court has stressed in binding precedent, "[w]e will assume that the Supreme Court meant exactly what it wrote: '*Coleman* held that an attorney's negligence in a postconviction proceeding does not establish cause, and this remains true *except* as to initial-review collateral proceedings for claims of ineffective assistance of counsel *at trial*.'" *Hodges v. Colson*, 727 F.3d 517, 531 (6th Cir. 2013), *cert. denied sub nom. Hodges v. Carpenter*, 135 S. Ct. 1545 (2015) (quoting *Martinez*, 132 S. Ct. at 1319). "Under *Martinez*'s unambiguous holding our previous understanding of *Coleman* in this regard is still the law—ineffective assistance of post-conviction counsel cannot supply cause for procedural default of a claim of ineffective assistance of appellate counsel." *Ibid.*; *see also Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014), *cert denied sub nom. Dansby v. Kelley*, 136 S. Ct. 297 (2015) (declining "to extend *Martinez* to

18

claims alleging ineffective assistance of counsel on direct appeal"); *Reed v. Stephens*, 739 F.3d 753, 778 n.16 (5th Cir.), *cert. denied*, 135 S. Ct. 435 (2014) (same). *But see Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (holding that *Martinez* "also extends to Sixth Amendment claims of appellate-counsel [ineffective assistance]").

Thus, under *Martinez* and its application in this circuit, we cannot apply the narrow *Martinez* exception to save McClain from his default of an ineffective-assistance-of-*appellate*-counsel claim—though, as discussed further below, much of the rationale underlying the Supreme Court's decision in *Martinez* seems to apply with equal force to the Rule 26(B) context at issue here.

3

Finally, we consider whether this court's decision in *Gunner v. Welch*, which was issued after the district court's decision below, alters the landscape to establish that the failure of McClain's state appellate attorney to advise him of the requirements for a Rule 26(B) application constitutes cause to excuse his procedural default.

a

First, some background on the *Gunner* case. The petitioner in *Gunner* was convicted of drug-trafficking offenses and sentenced to two concurrent ten-year mandatory-minimum sentences. 749 F.3d at 513–14. Prior to trial, the petitioner followed his trial counsel's advice and refused a plea agreement that would have eliminated the mandatory-minimum sentence of ten years and subjected him to a potential sentence of three to ten years. *Id.* at 514. The petitioner claimed that he was never told that the trial judge would have been obligated to consider giving him the minimum sentence of three years had he pled guilty or that he would have had the right under the plea agreement to appeal a ten-year sentence. *Ibid.*

19

Under Ohio law, "[a] claim of ineffective assistance of counsel that is dependent on facts that are not part of the trial record cannot be raised on direct appeal. Instead, it must be raised in a post-conviction proceeding pursuant to Ohio Rev. Code § 2953.21." *Ibid.* Prior to amendments enacted in December 2014, *see* Act of Dec. 17, 2014, H.B. No. 663, § 1, 2013-2014 Ohio Legis. Bull. 9349, 9385, a petition for such a post-conviction proceeding had to "be filed no later than one hundred eighty days after the date on which the trial transcript is filed in the [Ohio] court of appeals." Ohio Rev. Code § 2953.21(A)(1)(c)(2) (West Supp. 2014). In *Gunner*, the petitioner's counsel, who was retained for the trial and direct appeal, did not advise the petitioner of the filing of the trial transcript or of the 180-day filing deadline for the post-conviction proceeding, which passed without any filing by the petitioner. 749 F.3d at 515.

The district court in *Gunner* denied the petitioner's federal habeas petition, which asserted that counsel was constitutionally ineffective for failing to recommend accepting the plea agreement, on procedural-default grounds. *Ibid.* Relying on *Wilson v. Hurley*, an unpublished case discussed above, the district court held that "because petitioner did not have a right to an attorney in the post-conviction proceeding, his attorney on direct appeal had no obligation to advise him of the time limit for pursuing that remedy." *Ibid.* (citing *Wilson*, 382 F. App'x at 472).

On appeal, this court rejected the district court's determination. At the outset, after referring to *Wilson* as non-binding precedent, the *Gunner* court stressed that:

> whether petitioner's first appellate counsel had an obligation to apprise him of the date on which the trial transcript was filed and the fact that he had 180 days from that date to file a petition for post-conviction relief challenging the ineffectiveness of his trial counsel . . . is analytically separate from the issue of whether petitioner's first appellate counsel was obligated to file such a petition. Moreover, this issue is also separate from the issue of

20

> whether petitioner had a constitutional right to the effective assistance of counsel in a collateral proceeding.

*Id.* at 515–16. The court then determined that, under the circumstances of that case, counsel should have been aware that the petitioner would have wanted to file a petition for post-conviction relief regarding the plea agreement. Relying on *Smith*, it noted that the Supreme Court has established "that trial counsel has a constitutional duty to consult with clients about filing an appeal" when there is reason to believe the client would want to appeal. *Id.* at 518 (citing *Smith*, 463 F.3d at 434). Under such circumstances, "an attorney is required to advise the defendant 'about the advantages and disadvantages of taking an appeal' and to make 'a reasonable effort to discover the defendant's wishes.'" *Ibid.* (quoting *Roe v. Flores-Ortega*, 528 U.S. 470, 471 (2000)). Such advice is "particularly critical because the failure of counsel to provide it [can] 'arguably [lead] not to a judicial proceeding of disputed reliability, but rather to the forfeiture of [an appellate] proceeding itself.'" *Ibid.* (quoting *Roe*, 528 U.S. at 483). The *Gunner* court reasoned that "the date of an event on direct appeal"—i.e., the date on which the trial transcript was filed with the state appellate court—"that triggers the time for the filing of a post-conviction petition constitutes . . . an important development" about which counsel has a duty to consult with his client under *Strickland v. Washington*, 466 U.S. 668 (1984). *Gunner*, 749 F.3d at 518. On this basis, the court deemed it irrelevant "that the information related to a possible proceeding that [direct-appeal counsel] would not have been obligated to pursue." *Id.* at 517.

The *Gunner* court was not persuaded by the fact that "the advice [that counsel] failed to provide related to a proceeding for which there is no right to an attorney under the Constitution." *Id.* at 518 (internal quotation marks omitted). Referencing *Martinez v. Ryan*, the court stressed that, while a defendant is generally not entitled to the assistance of counsel in collateral

proceedings, "when an initial-review collateral proceeding is the first designated proceeding for a prisoner to raise a claim of ineffective assistance at trial, this circumstance 'may justify an exception to the constitutional rule that there is no right to counsel in collateral proceedings.'" *Ibid.* (quoting *Martinez*, 132 S. Ct. at 1315). The *Gunner* court felt this was "a complete answer to the district court's argument that petitioner cannot complain of [counsel's] failure to advise him of the filing deadline for an initial-review collateral proceeding because that proceeding is one for which there is no right to an attorney under the Constitution." *Id.* at 519 (internal quotation marks omitted).

At the conclusion of its opinion, the *Gunner* court asserted, however, that its determination would have been the same "even before the holding in *Martinez*." *Ibid.* The court maintained that, "[w]hile a defendant may not be able to complain of the failure of counsel to file an application for relief to which the Constitution did not entitle him, that is an altogether different question from whether a defendant can complain about the failure of counsel to advise him of relief that may be available to him or of the necessity to proceed expeditiously if he wishes to obtain such relief." *Ibid.* (citation omitted). The *Gunner* court then noted that, putting the Sixth Amendment aside, the petitioner "would have very likely been provided with the assistance of counsel under Ohio law and practice" during a post-conviction proceeding under § 2953.21. *Ibid.* This is because it "was the practice of the Legal Division of the Office of the Ohio Public Defender to review the applications of non-capital case inmates seeking post-conviction relief" and provide counsel where the petitioner's allegations have arguable merit and warrant an evidentiary hearing. *Ibid.*

Ultimately, the *Gunner* court held that counsel's failure to inform the petitioner of the relevant information regarding post-conviction proceedings "amounted to ineffective assistance

of appellate counsel and thus constitutes sufficient cause to excuse the procedural default that would otherwise subject the petition for habeas corpus to dismissal." *Id.* at 520.

b

Appellee raises several arguments in an attempt to distinguish *Gunner* from the instant case. First, to the extent that *Gunner* builds upon the Supreme Court's rationale in *Martinez*, Appellee stresses our recognition above that *Martinez*'s "narrow exception" applies only to a "procedural default of a claim of ineffective assistance *at trial*." 132 S. Ct. at 1315 (emphasis added). In this case, by contrast, McClain seeks first to excuse a procedural default of a claim of ineffective assistance of counsel *on appeal*. Appellee's primary argument, therefore, is that there is no Supreme Court precedent—and thus no clearly established federal law for AEDPA purposes—extending *Martinez*'s rationale to the ineffective-assistance-of-appellate-counsel context, and *Gunner* could not and did not hold otherwise.

Second, Appellee observes that the appellate counsel in *Gunner* was still representing his client on direct appeal when the relevant trial transcript was filed and when the deadline for the post-conviction petition had passed. Here, by contrast, McClain's direct-appeal counsel had ceased representing him after journalization of the affirmance of McClain's conviction by the Ohio Court of Appeals, which began the ninety-day deadline under Rule 26(B). Thus, the Rule 26(B) deadline lapsed months after McClain had a right to counsel and months after his attorney ceased representing him. Appellee thus argues that *Gunner* is distinguishable on its own terms, even aside from its reliance on the narrow (and inapplicable) *Martinez* exception.

The difficulty with Appellee's attempts to distinguish *Gunner* is that there remain close parallels between post-conviction proceedings regarding ineffective assistance of trial counsel under Ohio Rev. Code § 2953.21—at issue in *Gunner*—and proceedings regarding ineffective

23

assistance of appellate counsel under Rule 26(B)—at issue here. Indeed, the Ohio Attorney

General's Office, which represents Appellee in this case, argued this very fact in its petition for

rehearing en banc in *Gunner*. In that petition, the Attorney General's Office referred to

§ 2953.21 and Rule 26(B) as "similar collateral procedures." Appellee's Petition for Rehearing

and Suggestion for Rehearing En Banc at 3, *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014) (No.

13-3396). Specifically, the Office asserted that:

> *There is no logical reason to distinguish an appellate counsel's alleged duty to notify a defendant of the time for filing an application for reopening the appeal under Rule 26(B) from the alleged duty to notify a defendant of the time for filing a post-conviction petition under § 2953.21*. These remedies are just as important to defendants in that both can result in the reversal of a conviction or modification of a sentence. And *like the § 2953.21 petition which is the exclusive means of raising ineffective-assistance-of-trial-counsel claims based on evidence outside the record*, the 26(B) remedy is generally the only realistic way for a defendant to raise claims of ineffective-assistance-of-appellate-counsel*. Yet, despite the importance of the Rule 26(B) remedy, this Court has resisted saddling appellate counsel with a new constitutional duty of providing guidance to a defendant on the timing of that application. This Court should similarly decline to expand appellate counsel's constitutional obligations with regard to advising a defendant of the timeframe for collateral proceedings under § 2953.21.

*Id.* at 8–9 (emphases added) (footnote omitted). The Office cited this court's decisions in

*Wilson*, *Tolliver*, and *Rideau*, which, as discussed above, held that appellate counsel's failure to

inform a defendant of Rule 26(B)'s ninety-day deadline does not constitute cause to overcome a

procedural default, and urged the full court to apply their holdings to the § 2953.21 context. *Id.*

at 5. This court did not grant the petition, but its logic remains.

c

Despite these parallels to the § 2953.21 context, we are constrained in our ability to apply

*Gunner*'s rationale in this case. First, the district court below correctly stressed that the *Martinez*

exception is limited by its express terms to the ineffective-assistance-of-*trial*-counsel context, and there is no clearly established federal law from the Supreme Court suggesting otherwise. (Indeed, we recognized in *Carter* that a petitioner has "no right to counsel at" the Rule 26(B) stage and "[c]ounsel's failure to appeal [the denial of a Rule 26(B) application] . . . is [therefore] not cause to excuse [a] procedural default," 693 F.3d at 565, even after *Martinez* was decided.) Thus, to the extent that McClain relies on *Gunner* to expand *Martinez*'s holding to the *appellate*-counsel context, we are constrained by the Supreme Court's admonition "against 'framing [Supreme Court] precedents at such a high level of generality'" and its recognition that AEDPA "prohibits the federal courts of appeals from relying on their own precedent to conclude that a particular constitutional principle is 'clearly established.'" *Lopez v. Smith*, 135 S. Ct. 1, 2, 4 (2014) (per curiam) (quoting *Nevada v. Jackson*, 133 S. Ct. 1990, 1994 (2013) (per curiam)); *see also Marshall v. Rodgers*, 133 S. Ct. 1446, 1450 (2013) (per curiam) (referring to the "mistaken belief that circuit precedent may be used to refine or sharpen a general principle of Supreme Court jurisprudence into a specific legal rule that [the Supreme] Court has not announced").

On the other hand, to the extent that McClain suggests that *Gunner* announced a rule *independent* of *Martinez*, *see Gunner*, 749 F.3d at 519 (suggesting that the result would have been the same "even before the holding in *Martinez*"), applying its rule to the Rule 26(B) context would conflict with binding circuit precedent. The *Gunner* court reasoned that, "[w]hile a defendant may not be able to complain of the failure of counsel to file an application for relief to which the Constitution did not entitle him, that is an altogether different question from whether a defendant can complain about the failure of counsel to advise him of relief that may be available to him or of the necessity to proceed expeditiously if he wishes to obtain such relief." *Ibid.* (citation omitted). Applying this principle to the Rule 26(B) context seems to undercut directly

25

this court's conclusion in *Wilson* that counsel's failure to inform his client of Rule 26(B)'s deadline cannot constitute ineffective assistance because it "relates to an independent, collateral proceeding" in which the client does not have a right to counsel. 382 F. App'x at 479. More importantly, it would also conflict with this court's holdings in *Scuba*, 527 F.3d at 489, and *Tolliver*, 594 F.3d at 929—on which *Wilson* relied—that counsel's failures in connection with a Rule 26(B) application cannot serve as cause to excuse a procedural default because there is no right to counsel at that stage. *Scuba* and *Tolliver* are published, binding authorities in this circuit that could not have been overruled by the *Gunner* panel without an intervening en banc or Supreme Court decision. *See, e.g.*, *United States v. Elbe*, 774 F.3d 885, 891 (6th Cir. 2014) ("A panel of this court may not overturn binding precedent because a published prior panel decision 'remains controlling authority unless an inconsistent decision of the United States Supreme Court requires modification of the decision or this Court sitting en banc overrules the prior decision.'" (quoting *Salmi v. Sec'y of Health & Human Servs.*, 774 F.2d 685, 689 (6th Cir. 1985))).

4

To summarize, we first must reject McClain's invitation to interpret *Gunner* as extending the *Martinez* exception into a new context, despite the logical appeal of McClain's arguments and the aforementioned parallels between the ineffective-assistance-of-*trial*-counsel context relevant in *Martinez* and *Gunner* and the ineffective-assistance-of-*appellate*-counsel context relevant under Rule 26(B) here. Perhaps the Supreme Court will consider extending its precedents into this uncharted territory, but we are constrained from doing so in the meantime.

Furthermore, to the extent that McClain offers an interpretation of *Gunner* that would conflict with prior circuit precedent holding that counsel's alleged ineffectiveness in connection

with Rule 26(B) applications cannot constitute cause *without* purporting to rely on *Martinez* or any other Supreme Court precedent, we reiterate that *Gunner* could not overrule prior published decisions of this court. As a result, we must affirm the district court's judgment that McClain procedurally defaulted his ineffective-assistance-of-appellate-counsel claim and the underlying substantive claims by not timely filing a Rule 26(B) application and that he has not established cause to excuse this default.

## IV

The second issue presented in McClain's certificate of appealability concerns whether the district court properly dismissed McClain's claim of ineffective assistance of trial counsel based on his attorneys' failure to advise him that he had a right to testify.

## A

There is some confusion as to whether this claim, which derives from Ground Three in McClain's federal habeas petition, was actually addressed on the merits below or whether it too is subject to procedural default. In his report and recommendation, the magistrate judge initially stated:

> The . . . subparts of Ground Three that were *not* procedurally defaulted [include] the following:
>
> • *right to testify*—"[McClain] wanted to testify and expressed this desire to counsel. However, counsel ultimately decided for the Petitioner that he would not testify. Counsel did not advise [McClain] that he had an absolute right to testify, regardless of counsel's recommendation . . . ."

*McClain I*, 2014 WL 198318, at *19 (first emphasis added). Later in the report, however, the magistrate judge more closely analyzed McClain's claim "that he received ineffective assistance of counsel because counsel decided for petitioner that he would not testify even though petitioner told counsel that he wanted to testify, and because counsel did not advise petitioner that he had

27

an absolute right to testify." *Id.* at \*21. According to the magistrate judge, while McClain did "raise a *portion* of this claim in his post-conviction" proceedings—specifically, that "counsel was ineffective for failing to call [McClain] as a witness to testify in support of his defense of self-defense, and for failing to inform [McClain] of the negative impact his lack of testimony would have on his case"—he *did not* "specifically argue" in his state post-conviction proceedings "*that counsel was ineffective for failing to inform him that he had an absolute right to testify.*" *Ibid.* (emphasis added). Thus, the magistrate judge determined that this latter aspect of McClain's ineffective-assistance claim *was* defaulted and *could not* be addressed on the merits, though he did note that it was "unlikely" that McClain "would have prevailed on that claim" in any event. *Ibid.* (citing *Hodge v. Haeberlin*, 579 F.3d 627, 639–40 (6th Cir. 2009)).

McClain filed objections to the magistrate judge's report. Relevant here, McClain asserted that:

> Petitioner McClain wanted to testify and expressed this desire to counsel. However, counsel ultimately decided for the Petitioner that he would not testify. *Counsel did not advise McClain that he had an absolute right to testify*, regardless of counsel's recommendation. *The Report and Recommendation found that this aspect of the ineffective assistance of counsel claim was not defaulted. Petitioner McClain objects to this aspect of the claim only*.

(emphases added). It appears that McClain might have been referring to the magistrate judge's initial statement about the lack of a complete procedural default, and not the later, more specific statement that McClain *had* defaulted the portion of his claim regarding trial counsel's failure to inform him of his absolute right to testify.

In its opinion adopting the report and recommendation, the district court embraced the magistrate judge's specific conclusion that McClain "waived his claim of ineffective assistance of counsel based on his attorney's failure to advise him he had a fundamental right to testify on

28

his own behalf." *McClain II*, 2014 WL 868125, at *3. The matter remained muddled, however, because the district court also characterized McClain's objection as relating "to the Magistrate Judge's recommendation of dismissal *on the merits* of a portion of his allegations in claim three, in which he asserts he was denied effective assistance of counsel because his attorney *failed to advise him of his right to testify on his own behalf*." *Id.* at *2 (emphases added). This confusion might have resulted, however, simply because the district court was summarizing the content of McClain's objection. In any event, the district court went on to address the merits only of the related—but distinct—claims that McClain "was denied effective assistance of counsel because his attorney failed to advise him of the consequences of failing to testify on his own behalf and failing to call [him] as a witness on his own behalf," which the district court determined were "a matter of trial strategy." *Ibid.*

Confusion persisted in McClain's motion for a certificate of appealability, in which he reiterated that:

> Counsel did not advise McClain that he had an absolute right to testify, regardless of counsel's recommendation. The Report and Recommendation found that this aspect of the ineffective assistance of counsel claim was not defaulted. Petitioner McClain objected to this aspect of the claim only.

In granting McClain's request for a certificate, the district court then noted, apparently in error, that it had dismissed McClain's claim that he "was denied the effective assistance of counsel because his attorney failed to advise him he had a right to testify on his own behalf . . . *as without merit*." Certificate at 1 (emphasis added). Thus, the district court certified the relevant issue for appeal as whether the court properly dismissed McClain's "claim of ineffective assistance of trial counsel based on his attorney's failure to advise him that he had a right to testify *on the merits*," *id.* at 5 (emphasis added), despite the fact that both the magistrate judge's report and the district court's own earlier judgment determined that this claim was defaulted.

B

To be eligible for federal habeas relief under § 2254, a state prisoner must have exhausted his state remedies by fairly presenting his federal constitutional claims in state court. *See Connor*, 404 U.S. at 275, 278 (holding that a petitioner must have "fairly presented" to the state courts the "substance of [his] federal habeas corpus claim"); 28 U.S.C. § 2254(b) ("An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that . . . the applicant has exhausted the remedies available in the courts of the State."). To constitute fair presentation, the state courts must have had "a 'fair opportunity' to apply controlling legal principles to the facts bearing upon [the petitioner's] constitutional claim," and it is not sufficient merely "that all the facts necessary to support the federal claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) (citation omitted).

McClain asserts on appeal that he did raise the issue of trial counsel's failure to inform him of his right to testify in his petition for post-conviction relief before the Ohio trial court. *See* Appellant Br. 27. In the portion of the post-conviction petition that McClain cites, he noted in the statement of facts that "[t]he Petitioner wanted to take the stand in his own defense and expressed his wish to Defense Counsel. The Petitioner's two attorneys disagreed about this strategy. Ultimately the Petitioner was advised not to testify." In the argument section, under the heading "Failure to Call Petitioner as a Witness," McClain asserted that:

> Defense Counsel failed to call the Petitioner as witness during the trial after having raised the affirmative defense of self-defense. The evidence presented at trial, however, supported both the State's and the Defense's theories of the case. In light of the inconclusive nature of the evidence and the lack of any other witnesses to the shootings, Defense Counsel was ineffective in not calling the Petitioner as a witness.

The petition then goes on to argue, citing Ohio state cases, that McClain's testimony was essential to establish self-defense. Furthermore, in an affidavit submitted along with the petition, McClain stated that:

> 3. I was, at all times, willing to testify in my defense during the jury trial which was held from January 26, 2009, through January 29, 2009.
>
> 4. I expressed my wish to testify to my attorneys on several occasions.
>
> 5. My two attorneys disagreed about whether I should testify. Eventually Mr. LaRue relented to Mr. Lonardo's wishes and advised me not to testify.
>
> 6. My attorneys did not inform me of the detrimental effect my not testifying may have on the affirmative defense of self defense.

Reading these statements in context, we agree with the magistrate judge's determination, which was adopted by the district court, that McClain failed to present to the Ohio courts the specific issue he now raises on habeas—i.e., counsel's failure to advise him of his absolute right to testify.

The exhaustion doctrine required that McClain present "the same claim under the same theory" to the state courts. *Wagner v. Smith*, 581 F.3d 410, 417 (6th Cir. 2009). McClain did not suggest to the Ohio courts, however, that his attorneys failed to inform him that he had an absolute right to testify. Rather, the argument was framed as a matter of trial strategy—i.e., that McClain's attorneys were deficient in not calling him to testify and in not fully explaining the consequences of his failure to testify. There was no reason for the Ohio courts to have assumed that McClain was unaware of his ultimate right to testify—the only timely raised "failure-to-inform" claim concerned the *consequences* of McClain's failure to testify, not his right to testify in the first place. Indeed, McClain's affidavit described a collaborative process in which

31

McClain and his attorneys discussed McClain's opportunity to testify, resulting in McClain being advised not to take the stand as a matter of strategy.

The Ohio courts were thus not fairly presented with the issue of whether McClain was ever advised that he had an absolute right to testify on his own behalf. *See, e.g.*, *Maze v. Lester*, 564 F. App'x 172, 178–79 (6th Cir.), *cert. denied sub nom. Maze v. Johnson*, 135 S. Ct. 733 (2014) (finding no fair presentation of an ineffective-assistance claim where "the state and federal claims assert that trial counsel was constitutionally ineffective in failing to take very different actions" and thus did not "present the same claim under the same theory to the state and federal courts"); *Wong v. Money*, 142 F.3d 313, 322 (6th Cir. 1998) (finding no fair presentation of an ineffective-assistance claim where the claim "rests on a theory which is separate and distinct from the one previously considered and rejected in state court").[3] As a result, we hold that McClain waived this issue for habeas review.

---

[3] Similarly, in his appeal to the Ohio Court of Appeals regarding the denial of his petition for post-conviction relief, McClain framed the issue as whether trial counsel was ineffective for "failure to inform him *of the negative consequences for failing to testify on his own behalf* and the fact that they did not allow him to testify." (emphasis added). The statement that his attorneys "did not allow him to testify" admittedly comes closest to presenting the claim that McClain now raises on habeas. However, this brief statement was not supported by factual analysis or citation to any federal authority (beyond the general *Strickland* standard) regarding a defendant's absolute right to testify. *Cf. Baldwin v. Reese*, 541 U.S. 27, 33 (2004) (holding that a petition must "have alerted the court to the alleged *federal* nature of the claim" (emphasis added)). The substance of McClain's argument remained that his counsel erred *by failing to call him to testify*, and the Ohio Court of Appeals addressed it as such. *See McClain*, 2011 WL 5590458, at *2 ("Appellant argues his trial counsel was deficient in not calling him as a witness to substantiate his claim of self-defense. . . . To put appellant on the stand in the face of" testimony from other witnesses who stated that McClain admitted to the murder "and subject him to cross-examination would have been problematic at best. We fail to find any deficiency in trial counsel's decision not to have appellant testify.").

In his memorandum in support of jurisdiction to the Ohio Supreme Court in his post-conviction appeal, McClain asserted that his "[t]rial counsel failed to properly advise [him] on his right to testify or whether he should testify on his own behalf." Citing only state cases, McClain claimed that "the improper advise [sic] to a defendant not to testify is in violation of the professional norms of defense counsel." McClain asserted that his "trial counsel did not properly advise him

C

As a final matter, we consider whether we may review the aspects of McClain's ineffective-assistance claim that the magistrate judge determined *were* presented to the state courts—specifically, that McClain "was denied effective assistance of counsel because his attorney failed to advise him of the consequences of failing to testify on his own behalf and fail[ed] to call Petitioner as a witness on his own behalf." *McClain II*, 2014 WL 868125, at *3.

It is well-established that the failure to object to any portion of a magistrate judge's report results in a waiver of both district-court and appellate review of that portion. *See Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987) ("[O]nly those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have."). In this case, McClain was specifically warned in the magistrate judge's report "that failure to object to the Report and Recommendation will result in a waiver of the right to have the district judge review the Report and Recommendation *de novo*, and also operates as a waiver of the right to appeal the decision of the District Court adopting the Report and Recommendation." *McClain I*, 2014 WL 198318, at *25.

---

of the law or the consequences of not testifying." However, the "law" in this context referred to Ohio law of self-defense, and McClain did not assert that his counsel failed to inform him of his ultimate right to testify or that this failure would violate the federal Constitution. Moreover, even if McClain had presented to the Ohio Supreme Court the claim he now seeks to bring on habeas, the Ohio Supreme Court would not have been in a position to consider the claim because it was "not raised and preserved in the Ohio Court of Appeals." *Leroy v. Marshall*, 757 F.2d 94, 99 (6th Cir. 1985) (quoting *Fornash v. Marshall*, 686 F.2d 1179, 1185 n.7 (6th Cir. 1982)).

McClain also cites his Rule 26(B) application to reopen in support of his argument that he fairly presented this issue in the Ohio Courts. *See* Appellant Br. 26. In the previous section, however, we affirmed the district court's judgment that the claims in McClain's 26(B) application were procedurally defaulted. *See supra* Part III. McClain cannot rely on his untimely Rule 26(B) application to establish that he fairly presented his right-to-testify claim to the Ohio courts.

Furthermore, under 28 U.S.C. § 2253(c), a state habeas petitioner seeking to appeal a district court's final order denying relief must first obtain a certificate of appealability that "indicate[s] which specific issue or issues" are suitable for appeal. *Id.* § 2253(c)(3). This court's review of such an appeal is limited to the specific issues raised in the certificate. *See, e.g.*, *Searcy v. Carter*, 246 F.3d 515, 518 (6th Cir. 2001) ("As we have repeatedly recognized, when AEDPA applies, 'a court of appeals will address only the issues which are specified in the certificate of appealability.'" (quoting *Lyons v. Ohio Adult Parole Auth.*, 105 F.3d 1063, 1074 (6th Cir. 1997))).

As described above, McClain's only relevant objection to the magistrate judge's report concerned trial counsel's failure to "advise McClain that he had an absolute right to testify." The district court granted a certificate of appealability, moreover, only as to this specific issue. *See* Certificate at 5. Thus, the only aspect of McClain's underlying ineffective-assistance-of-trial-counsel claim that is before this court is trial counsel's "failure to advise [McClain] that he had a right to testify"—a claim that was, despite the language in the certificate regarding a determination on the merits, found to be waived both by the magistrate judge and the district court. We therefore are not able to consider the other aspects of the underlying ineffective-assistance claim that the courts below determined were preserved for habeas review.

V

For the foregoing reasons, we AFFIRM the district court's denial of McClain's petition for a writ of habeas corpus.

**KEITH, Circuit Judge, concurring.** I concur in judgment; however, I write separately because I disagree with Judge Boggs's analysis in some respects.

## A. Procedural Default of the Ineffective-Assistance-of-Appellate-Counsel Claim

First, while I agree that *Coleman*'s general rule applies to McClain's case, and that *Martinez* does not apply, I disagree with the manner in which Judge Boggs arrived at these conclusions. My reasoning is as follows: In *Coleman v. Thompson*, 501 U.S. 722, 752 (1991), the Supreme Court set forth the general rule that "a petitioner cannot claim constitutionally ineffective assistance of counsel" in proceedings in which "[t]here is no constitutional right to an attorney," such as "state post-conviction proceedings." In *Martinez v. Ryan*, 132 S. Ct. 1309 (2012) the Supreme Court articulated the following narrow exception to *Coleman*'s general rule: in states where prisoners are forced to wait until their initial-review collateral proceeding to bring a claim of ineffective assistance of trial counsel, "[i]nadequate assistance of [post-conviction] counsel" in those post-conviction proceedings "may establish cause for a prisoner's procedural default of a claim of ineffective assistance" of *trial* counsel. *Id.* at 1315 (emphasis added). In so holding, the *Martinez* court reasoned that "[t]he right to the effective assistance of counsel *at trial* is a bedrock principle in our justice system." *Id.* at 1317 (emphasis added).

McClain cannot invoke the *Martinez* exception in this case to save his procedurally defaulted claims because the holding of *Martinez* does not apply to defaulted ineffective assistance of *appellate* counsel claims. *See Hodges v. Colson*, 727 F.3d 517, 531-32 (6th Cir. 2013) (reasoning that *Martinez*'s narrow exception only applied to cause to excuse procedural default of an ineffective assistance of *trial* counsel claim, and noting that *Martinez*'s holding was

"unambiguous").[1]    Further, despite McClain's arguments to the contrary, I agree with Judge

Boggs that our case of *Gunner v. Welch*, 749 F.3d 511 (6th Cir. 2014), does not dictate a

different result.    749 F.3d at 515; 519-20 (dealing specifically with the preservation of an

ineffective assistance of *trial* counsel claim).

     Second, I agree that the holdings of *Carter v. Mitchell*, 693 F.3d 555, 564 (6th Cir. 2012),

*Tolliver v. Sheets*, 594 F.3d 900, 905 (6th Cir. 2010), and *Wilson v. Hurley*, 382 F. App'x 471,

474 (6th Cir. 2010), remain good law.    However, I disagree with my colleague's reliance on

these cases for the proposition that because a petitioner "has no constitutional right to counsel" at

post-conviction proceedings, the petitioner "certainly ha[s] no constitutional right to *effective*

counsel" at those proceedings, and therefore the petitioner cannot establish cause to excuse a

procedural default.    *See Tolliver*, 594 F.3d at 929; *see also Carter*, 693 F.3d at 565; *Wilson*,

382 F. App'x at 478-79.    This proposition is a mere application of *Coleman*'s general rule, which

has now been modified by *Martinez*, 132 S. Ct. at 1315.    Therefore, I believe it is precarious to

rely on this particular language from *Carter*, *Wilson*, and *Tolliver* because it does not reflect the

*Martinez* caveat.    *See Banks v. Workman*, 692 F.3d 1133, 1147 (10th Cir. 2012) (noting that

*Martinez* placed a caveat on *Coleman*'s "previously unwavering rule").

     I also find it important to make clear that while McClain raised numerous claims in his

application to reopen under Rule 26(B), McClain conceded that "whether procedural default of

any other claim" raised in his petition can be excused depends on the threshold question of

---

[1] S*ee also Reed v. Stephens*, 739 F.3d 753, 778 n.16 (5th Cir. 2014) *cert. denied*, 135 S. Ct. 435 (2014) (noting that "[t]o the extent Reed suggests that his ineffective-assistance-of-appellate-counsel claims also should be considered under *Martinez*, we decline to do so."); *Banks v. Workman*, 692 F.3d 1133, 1148 (10th Cir. 2012) (holding that *Martinez* "applies only to a prisoner's procedural default of a claim of ineffective assistance at *trial*," and "not to claims of deficient performance by appellate counsel.") (internal quotation marks omitted).  *But see Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1296 (9th Cir. 2013) (holding that *Martinez* extends to Sixth Amendment ineffective-assistance-of-appellate-counsel claims).

"whether the claim for ineffective assistance of appellate counsel was procedurally defaulted and whether there was cause and prejudice to excuse such default." *See* Corrected Appellant Br. at 14; *see also State v. Spivey*, 701 N.E.2d 696, 697 (Ohio 1998). For this reason, I believe my colleague's decision not to address these remaining claims was proper.

### B. Ineffective Assistance of Trial Counsel Claim

Lastly, with respect to the district court's dismissal of petitioner's claims of ineffective assistance of trial counsel, I agree with Judge Boggs that this claim was not fairly presented to the state court; therefore, this claim is waived for the purposes of habeas review.

**MERRITT, Circuit Judge, concurring.** I fully concur in Judge Boggs's disposition of the petitioner's Rule 26(B) claim. On the ineffective assistance of counsel claim, I concur in the result reached in Judge Boggs's opinion; but I would hold instead that the petitioner, McClain, loses on the constitutional merits of his ineffective assistance of counsel claim. He loses because in his state court proceeding he asserts that he knew that his two lawyers were debating whether he should take the stand and testify at his murder trial. According to him, they were trying to decide what advice to give him about this question, often a debatable question as here. There he claims that they gave him bad advice. McClain now asserts the opposite, *i.e.*, that his lawyers never told him he could take the stand if he wanted to do so. These two factual assertions are directly inconsistent. He is playing games with the court. He had to know that he could take the stand as a result of his lawyer's discussion of the best strategy in the case and their advice to him not to take the stand. This may not have been good advice, but it is a matter of opinion that lawyers may often disagree about, depending on their view of their client's personality and other circumstances. Such choices are specifically excluded from the calculation of ineffectiveness of counsel under *Strickland v. Washington*, 466 U.S. 668, 689-91 (1984).

Where a federalism issue combining procedural default, "cause and prejudice," AEDPA, and comity with our state court colleagues is as convoluted and difficult to follow as we have here, I would decide the merits when there has clearly been no constitutional violation in the state court.